THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDWARD F. TRAVIS, Defendant-Appellant.

Fifth District    No. 5—97—0808

Opinion filed December 15, 1998.

Daniel M. Kirwan and John H. Gleason, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Kimbara G. Harrell, State's Attorney, of Olney (Norbert J. Goetten, Ste-

phen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOPKINS delivered the opinion of the court:

The defendant, Edward F. Travis, pleaded guilty to first-degree murder and was sentenced to 40 years' imprisonment and to pay expenses incurred by the victim's family as a result of defendant's actions. He filed motions to withdraw the plea of guilty and to reduce sentence, which were denied after an evidentiary hearing, with the exception that the portion of the judgment order providing for restitution was vacated. Defense counsel filed his certificate pursuant to Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)). The notice of appeal was then filed. The only issue on appeal is whether this cause should be remanded for further proceedings because the certificate was not filed prior to the hearing.

On July 2, 1996, a Richland County grand jury returned a one-count indictment that charged defendant with first-degree murder (720 ILCS 5/9—1(a)(2) (West 1996)). The indictment charged defendant with driving an automobile into a pond, which caused the death of Eric Mack, who was a passenger in the automobile. Mack was five years old at the time of his death.

On that same date the indictment was returned, Kimbara G. Harrell was appointed to represent defendant. Larry D. Dunn was the State's Attorney of Richland County. The Honorable Patrick F. McLaughlin presided.

On October 21, 1996, defendant pleaded guilty to first-degree murder in exchange for the State's promise not to prove the age of the victim. First-degree murder involving a victim under the age 12 requires a natural-life sentence. 730 ILCS 5/5—8—1(a)(1)(c)(ii) (West 1996).

On November 21, 1996, Judge McLaughlin sentenced defendant to 40 years' imprisonment and found that defendant would have to serve 100% of his sentence. Defendant was also sentenced to pay the funeral expenses of the child and $500 for the automobile. On the same date, a well-reasoned judgment order was entered.

On December 19, 1996, attorney Harrell filed a motion to reconsider sentence, a motion to withdraw plea of guilty, and a motion for transcript. The motion to reconsider sentence alleged that the sentence is excessive as defendant will have to serve 100% of the sentence, excessive considering the circumstances of the case, and excessive as defendant has no means to pay the restitution. The motion to withdraw guilty plea alleged that the plea was not voluntary because defendant is mildly retarded, has been diagnosed as having

adjustment disorder with mixed disturbance of emotion and conduct, and has limited comprehension. The motion further alleged that defendant was under duress at the time of the plea. On December 30, 1996, Judge McLaughlin ordered the preparation of the transcript.

On May 8, 1997, defendant file a *pro se* petition to withdraw guilty plea and vacate sentence, which alleged the ineffective assistance of counsel.

Sometime in early 1997, attorney Harrell became State's Attorney of Richland County and Judge McLaughlin became a federal administrative law judge. Allan F. Lolie of the State's Attorneys Appellate Prosecutor of Springfield, Illinois, was appointed special prosecutor. On May 7, 1997, William R. Hoffeditz was appointed defense counsel.

The Honorable John I. Lundmark presided at the July 30, 1997, hearing on the postplea motions.

On August 13, 1997, Judge Lundmark denied the postplea motions, with the exception that the restitution portion of the judgment order was vacated.

On September 11, 1997, attorney Hoffeditz filed his Rule 604(d) certificate.

On September 12, 1997, the notice of appeal was filed.

Defendant argues that defense counsel failed to strictly comply with the requirements of Rule 604(d) when he failed to file a certificate of compliance prior to the hearing on the postplea motions and that, therefore, this cause must be remanded for a new hearing on those motions. The State responds that no remand is required, because the certificate of compliance was timely filed as required by Rule 604(d) and, assuming, *arguendo*, that the certificate was not timely filed, harmless error occurred.

■ Rule 604(d) requires strict compliance. *People v. Shirley*, 181 Ill. 2d 359, 362, 692 N.E.2d 1189, 1191 (1998). The rule plainly requires defense counsel to file a certificate that he or she has reviewed the proceedings, consulted with the defendant, and made any amendments to the motion necessary for an adequate presentation of any defects in the plea proceedings. *Shirley*, 181 Ill. 2d at 367, 692 N.E.2d at 1193. Strict compliance requires the filing of the attorney certificate in the trial court. *Shirley*, 181 Ill. 2d at 362, 692 N.E.2d at 1191. Although a literal reading of the rule does not require that the certificate be filed prior to the postplea hearing (*People v. Shirley*, 284 Ill. App. 3d 734, 738, 672 N.E.2d 1340, 1343 (1996), *aff'd*, 181 Ill. 2d 359, 692 N.E.2d 1189 (1998)), the filing should precede or be simultaneous with the hearing in the trial court. *Shirley*, 181 Ill. 2d at 371, 692 N.E.2d at 1195.

■ The certificate functions to provide a basis upon which the trial

court can determine that the attorney has, in fact, performed his duties under the rule, and it also gives the record a clear indication of the extent of such performance, which otherwise might not adequately appear thereon. *Shirley*, 284 Ill. App. 3d at 737, 672 N.E.2d at 1343. It takes but a moment of the trial court's time to obtain the certificate, if the certificate has not been filed prior to the postplea hearing, to obtain one from an attorney who is then presently before it, thereby protecting the full measure of defendant's interests. Any dispute involving the accuracy of the facts stated in the attorney's certificate could be resolved and redressed by the trial court. *Shirley*, 284 Ill. App. 3d at 737, 672 N.E.2d at 1343.

In the case at bar, defense counsel strictly complied with Rule 604(d). The certificate was filed in the trial court. Hoffeditz's certificate states that he consulted with defendant in person and by mail to ascertain defendant's contentions of error in both the sentence and the plea of guilty. The certificate further states that Hoffeditz had examined the trial court file and report of proceedings of the plea of guilty and made any amendments to the motion necessary for an adequate presentation of any defects in those proceedings. Therefore, this court concludes that there has been strict compliance with the rule.

Lastly, in the case at bar, defendant does not attempt to argue how the proceedings would have been different if the certificate had been filed prior to the hearing on the motion to reduce sentence, does not attempt to argue that the full measure of his interests was not protected, and does not attempt to argue that the certificate does not comply with Rule 604(d). Nothing in the record on appeal suggests that the public defender did not do what he certified that he had done. See *Shirley*, 284 Ill. App. 3d at 738, 672 N.E.2d at 1343. Compliance with the rule has been met. Based on the record on appeal, this court concludes that if any error occurred in this cause, such error was harmless.

Although supportive, but not cited by defendant, is the recent case of *People v. McCaskill*, 298 Ill. App. 3d 260, 698 N.E.2d 690 (1998). In *McCaskill*, the court stated that counsel's Rule 604(d) certificate "must precede or be simultaneous with the hearing on the motion in the trial court." *McCaskill*, 298 Ill. App. 3d at 267, 698 N.E.2d at 695. This court observes that the above-quoted statement in *McCaskill* was not critical to the ultimate decision in that case. This court declines for reasons previously stated in this opinion to require the filing of the certificate prior to hearing in every case where an attorney's certificate is necessary.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

RARICK, P.J., and GOLDENHERSH, J., concur.