THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DERRALL WILLIS, Defendant-Appellant.

First District (6th Division)    No. 1—98—4404

Opinion filed May 19, 2000.

Michael J. Pelletier and Amy Kraus, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, James Fitzgerald, and Bette Plass, Assistant State's Attorneys, of counsel), for the People.

JUSTICE BUCKLEY delivered the opinion of the court:

Defendant Derrall Willis was charged with three counts of first degree murder, four counts of attempted first degree murder, four counts of armed violence, one count of aggravated battery with a firearm, three counts of aggravated discharge of a firearm, two counts of aggravated battery, two counts of unlawful use of a weapon by a felon, and one count of unlawful use of a weapon. Following a negotiated guilty plea on March 19, 1997, defendant and three codefendants, who are not involved in this appeal, were convicted of one count of first degree murder and one count of attempted first degree murder. Defendant was sentenced to a negotiated prison term of 40 years for first degree murder and to a concurrent prison term of 6 years for attempted first degree murder. 720 ILCS 5/9—1(a)(1), 8—4(a), (c)(1) (West 1998); 730 ILCS 5/5—8—1(a)(1), (a)(3) (West 1998). All of the other charges were disposed of by means of *nolle prosequi*. Defendant subsequently filed separate *pro se* motions to withdraw his guilty plea, to reduce his sentence from 40 years to 15 years, and to appoint counsel, which the circuit court denied as untimely. In a previous appeal from that order, we summarily reversed and remanded for further proceedings consistent with Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)), including appointment of counsel if defendant was

indigent. *People v. Willis*, No. 1—97—4541 (1998) (unpublished order under Supreme Court Rule 23). On remand, the circuit court denied defendant's motions to withdraw his guilty plea and to reduce his sentence. In this appeal, defendant contends that the circuit court erred in denying the motions because defense counsel's certificate was not in strict compliance with Supreme Court Rule 604(d). 145 Ill. 2d R. 604(d).

In the motions to vacate his guilty plea and to reduce his sentence from 40 years to 15 years, defendant alleged that his plea was involuntary because it was "not intelligently or understandably [*sic*] entered into" and because "counsel of record" denied him due process of law. Defendant also alleged that he had rehabilitative potential, that his imprisonment would cause hardship to his dependents, that he did not believe the court considered that he was in a wheelchair, that the court was not informed that he was HIV positive, and that his imprisonment would shorten his life expectancy because prison health care services "are very poor as compared to the private sector." He requested that he be permitted to withdraw his guilty plea to first degree murder and have the charges reinstated and set for a jury trial. In the motion to appoint counsel, defendant alleged that he lacked sufficient income or assets to retain counsel and that his need for counsel was great because he lacked the necessary knowledge to present his defense, which he believed to be meritorious.

The assistant public defender[1] filed a certificate pursuant to Rule 604(d) in which she stated that she had consulted with defendant in person, that she was aware that he believed there was error in the plea and the sentencing in that the plea was not entered into intelligently or "understandably [*sic*]" and was therefore a violation of his constitutional rights, and that she had examined the "transcript of the plea and trial court file report of proceedings." Crossed out with five slash marks, and initialed, in ink, were the words, "and have made amendments necessary for adequate preservation of defects in proceedings."

The circuit court stated at a hearing on remand that counsel had filed a Rule "604D [*sic*]" certificate.

The assistant public defender then argued that defendant believed the circuit court was not aware that he was HIV positive and that defendant believed that, in light of his physical condition, his 40-year sentence was actually a death sentence. The assistant public defender also argued that defendant had five children and that he had

---

[1]Different assistant public defenders represented defendant at the guilty plea and after the guilty plea at this hearing on remand.

rehabilitative potential, as evidenced by various certificates of achievement and attendance at substance abuse classes which were not formally filed and which are not in the record on appeal.

The circuit court stated that it recalled the evidence the State expected to adduce at trial and that defendant was the "ring leader," that he knowingly and intelligently entered a guilty plea, and that he was represented by competent counsel. The court said it had realized at the plea proceedings that defendant was in a wheelchair for a physical impairment and that the sentence was just.

On appeal, defendant contends that the assistant public defender's certificate was not in strict compliance with Supreme Court Rule 604(d). Defendant argues that the certificate was deficient because the assistant public defender failed to state that she made any amendments to the motion necessary for adequate presentation of any defects in the proceedings, failed to amend defendant's *pro se* motions to clarify his claims, and failed to file any further written motions on his behalf. Defendant contends that counsel's having crossed out a portion of the requisite language amounted to an affirmative statement by counsel that she did not make the necessary amendments. Defendant contends that the cause should be remanded for proceedings in strict compliance with Rule 604(d).

The State responds that the crossed-out language demonstrated that the assistant public defender did not have amendments to make after she had consulted with defendant and reviewed the record. The State responds further that remanding this cause would be a waste of resources and an exercise in futility because defendant has not contended that the circuit court abused its discretion in denying his motions.

■ Supreme Court Rule 604(d), which applies to appeals from guilty plea proceedings, requires that defense counsel file a certificate stating that he or she has consulted with the defendant by mail or in person to ascertain the latter's contentions of error in the sentence or in the entry of the guilty plea, that he or she has examined the trial court file and report of proceedings of the guilty plea, and that he or she made any amendments to the motion that are necessary for the adequate presentation of any defects in the proceedings. 145 Ill. 2d R. 604(d).

Strict compliance with the certificate requirement of Rule 604(d) is necessary. *People v. Janes*, 158 Ill. 2d 27, 35 (1994); *People v. Mast*, 305 Ill. App. 3d 727, 734 (1999); *People v. Zambrano*, 266 Ill. App. 3d 856, 867-68 (1994); see also *People v. Pegues*, 277 Ill. App. 3d 884, 888 (1996) (Rule 604(d) is a rule of procedure, not a suggestion). Our supreme court has repeatedly reaffirmed the need for strict compli-

ance with Rule 604(d) (see *People v. Linder*, 186 Ill. 2d 67, 69 (1999); *People v. Shirley*, 181 Ill. 2d 359, 371 (1998); *People v. Foster*, 171 Ill. 2d 469, 474 (1996)) and has made it "emphatically clear" that strict compliance with Rule 604(d) is required (*Mast*, 305 Ill. App. 3d at 735).

■ Here, the parties' conflicting interpretations of the crossed-out language in the certificate (as a statement either that the assistant public defender did not make any necessary amendments or that no amendments were necessary) underscore the ambiguous and deficient nature of the certificate. The language in the certificate that the assistant public defender had made any necessary amendments was crossed out and initialed by hand. The crossed-out language itself deviated from the language required by Rule 604(d). The crossed-out language stated that the assistant public defender had made necessary amendments for adequate "preservation" of defects in proceedings. Rule 604(d) requires the certificate to state that defense counsel made necessary amendments for "adequate *presentation* of any defects in those proceedings." (Emphasis added.) 145 Ill. 2d R. 604(d). Furthermore, the assistant public defender did not state that she had examined the trial court file and report of proceedings on the plea of guilty. Instead, she stated that she had examined the "transcript of the plea and trial court file report of proceedings." It is not clear whether this means the trial court file and the report of proceedings of the guilty plea, as required by Rule 604(d), or just the report of proceedings. Thus, it is not clear from the certificate whether the assistant public defender reviewed all of the required materials or whether she understood that the purpose of the rule was to ensure adequate "presentation" of defects in the proceedings. Furthermore, the assistant public defender referred to various certificates of achievement and attendance at substance abuse classes that defendant had earned as evidence of his rehabilitative potential, but she did not amend his written *pro se* motions to include those certificates of achievement and attendance as exhibits, and she did not state that she did not think that any amendments were necessary. Therefore, we reject the State's assertion that the crossed-out language showed that the assistant public defender had no amendments to offer after her consultation and review. Given these shortcomings, we hold that the certificate deviated from the strict compliance standard.

Our conclusion is not inconsistent with *People v. Wyatt*, 305 Ill. App. 3d 291, 296-97 (1999), which was cited by the State. The certificate in *Wyatt*, unlike the certificate here, reflected that defense counsel had examined the trial court file and the report of proceedings to make any amendments necessary for adequate presentation of any

defects in the proceedings. The certificate in *Wyatt* also explicitly reflected that defense counsel offered no amendments. In *Wyatt*, the court observed that the Rule 604(d) certificate was not required to "recite word for word the verbiage of the rule," and that surplus verbiage in the certificate did not require remand where the certificate reflected that defense counsel had fully complied with the Rule 604(d). *Wyatt*, 305 Ill. App. 3d at 297.

Similarly, in *People v. Shirley*, 284 Ill. App. 3d 734, 738 (1996), *aff'd*, 181 Ill. 2d 359 (1998), which was also cited by the State, the certificate explicitly reflected that no amendments were offered to the motion to reconsider the sentence.

Here, the certificate did not contain a verbatim recitation of the language of Rule 604(d) or the language that was held to be a suitable substitute in *Wyatt* and in *Shirley*. Therefore, the certificate did not fully comply with Rule 604(d).

In *People v. Wilson*, 295 Ill. App. 3d 228, 238-39 (1998), which was also cited by the State, the certificate was merely "inartfully worded"; moreover, the record cured the defect in the certificate because the record demonstrated that the counsel had, in fact, examined a particular court file which contained the report of proceedings of the guilty plea. In the present case, the certificate was not merely inartfully worded, and the record, which contains no discussion of compliance with the rule, does not cure the defect in the certificate because the record does not demonstrate that counsel made the amendments necessary for adequate presentation of any defects in the proceedings.

Finally, the State argues that it would be a waste of resources and an exercise in futility to remand the cause for another hearing on defendant's motions. However, the remandment is for the filing of a proper Rule 604(d) certificate. It is neither a waste of resources nor an exercise in futility to ensure proper compliance with the rules of the Illinois Supreme Court.

The judgment of the circuit court is vacated to the extent that it denied defendant's motions to withdraw his guilty plea and to reconsider his sentence, and the cause is remanded only for the purpose of allowing defendant to file a new motion to withdraw his guilty plea, a new motion to reconsider his sentence, and a proper certificate in compliance with Rule 604(d). On remand, we direct the circuit court to ensure that defense counsel strictly complies with Rule 604(d) before considering the motions. See *People v. Bailey*, 307 Ill. App. 3d 226, 232 (1999). We also note that defendant must file both a motion to withdraw the guilty plea and a motion to reconsider the

sentence because this case involved a negotiated plea. See *People v. Lumzy*, 191 Ill. 2d 182, 184 (2000).

Vacated in part and remanded with directions.

ZWICK, P.J., and O'BRIEN, J., concur.