NO. 4-05-0239          Filed 5/24/06

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Morgan County |
| LES JAMES GRACE, | ) | No. 04CF114 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Richard T. Mitchell, |
| | ) | Judge Presiding. |

JUSTICE McCULLOUGH delivered the opinion of the court:

On July 7, 2004, defendant, Les James Grace, was charged by information with aggravated criminal sexual abuse (720 ILCS 5/12-16(c)(1)(i) (West 2004)) (count I), and on September 13, 2004, he was charged by information with child pornography (720 ILCS 5/11-20.1(a)(1)(i) (West 2004)) (count II). Defendant entered an open guilty plea to both counts. On January 11, 2005, he was sentenced to 7 years' imprisonment for count I and 15 years' imprisonment for count II, to be served concurrently, and he was ordered to serve 2 years of mandatory supervised release and pay court costs and fines. On February 8, 2005, defendant filed an amended motion to reconsider sentence. On March 15, 2005, the trial court denied defendant's motion. That same day, defendant timely appealed, arguing (1) his trial counsel failed to comply with Supreme Court Rule 604(d) (Official Reports Advance Sheet No. 4 (February 16, 2005), R. 604(d), eff. February 1, 2005) in that the Rule 604(d) certificate was untimely filed, and (2) his sentence was excessive. We affirm.

As a factual basis for defendant's open plea of guilty to counts I and II, the State maintained its evidence would show that defendant, who was 34 years of age at the time of the offense, touched the body of his 10-year-old stepdaughter, in that he fondled her breasts and other parts of her body, for the purpose of his sexual gratification, and while doing so, defendant videotaped the acts. The trial court accepted the factual basis and defendant's guilty plea.

In preparation for sentencing, defendant submitted to a sex-offender assessment. The assessor determined defendant was married to the victim's mother, and the couple has one child together. Defendant had no major physical disabilities and no history of psychiatric treatment. Defendant graduated from high school, obtained his bachelor of science degree, and appears to function intellectually in the average range. Defendant committed a prior sex offense in 1998 against a 15-year-old, severely disabled female while acting as her caretaker. Defendant has no history of drug or alcohol abuse. His employment history is unstable, and he lacks any specific vocational skills. The assessor's summary concluded defendant presented a moderate to high risk to the community of committing another sex offense and recommended a term of incarceration with sex-offender treatment.

Defendant's presentence report revealed he was placed on probation for the 1998 sex offense, which was revoked in May 2002 because he was unlawfully present in a school zone. Defendant was terminated from sex-offender treatment in July 2002, and the discharge summary indicates he remained in denial of his offense behavior, and as such, the risk of reoffending was elevated. The presentence investigation officer recommended defendant be incarcerated.

After sentencing, defendant filed an amended motion to reconsider sentence, arguing the sentence imposed for count II was excessive, not supported by the mitigating and aggravating factors, and wholly disproportionate to the offense committed. On March 15, 2005, after a hearing, the trial court denied defendant's motion, stating its original sentencing decision was appropriate considering all relevant factors and circumstances. Immediately following the court's denial of defendant's motion, defendant's attorney informed the court, "I also have to file a certificate pursuant to supreme court rule, which I'll get on file within seven days, Your Honor." On March 15, 2005, defendant appealed, and his counsel filed a Rule 604(d) certificate on March 23, 2005.

First, defendant has no quarrel with the contents of his counsel's Rule 604(d) certificate but argues the certificate was untimely in that it was not filed prior to or contemporaneously with the hearing on his amended motion to reconsider sentence. Therefore defendant maintains this cause must be remanded for a new hearing on his motion.

In pertinent part, Supreme Court Rule 604(d) states:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment. *** The defendant's attorney shall file with the trial

court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Official Reports Advance Sheet No. 4 (February 16, 2005), R. 604(d), eff. February 1, 2005.

Rule 604(d) requires strict compliance (People v. Willis, 313 Ill. App. 3d 553, 556, 729 N.E.2d 961, 963-64 (2000)), and the filing of a Rule 604(d) motion to reconsider sentence is a condition precedent to an appeal from a sentence imposed on a guilty plea (People v. Shirley, 181 Ill. 2d 359, 368, 692 N.E.2d 1189, 1194 (1998)). Although Rule 604(d) imposes requirements other than the motion requirement, such as the certificate requirement, the rule does not mandate the fulfillment of these requirements as a condition precedent to an appeal. People v. Janes, 158 Ill. 2d 27, 34, 630 N.E.2d 790, 793 (1994). Strict compliance with the Rule 604(d) certificate requirement generally means the certificate must be filed in the trial court rather than on appeal, and the filing should precede or be simultaneous with the hearing on a defendant's Rule 604(d) motion. Shirley, 181 Ill. 2d at 371, 692 N.E.2d at 1195.

In People v. Travis, 301 Ill. App. 3d 624, 704 N.E.2d 426 (1998), the defendant filed a motion to withdraw guilty plea on May 8, 1997, and a hearing was held on the defendant's motion on July 30, 1997. Travis, 301 Ill. App. 3d at 626, 704 N.E.2d

4

at 427. On August 13, 1997, the trial court denied the defendant's motion. Travis, 301 Ill. App. 3d at 626, 704 N.E.2d at 427. Defense counsel did not file a Rule 604(d) certificate until September 11, 1997, one day prior to the defendant's notice of appeal. Travis, 301 Ill. App. 3d at 626, 704 N.E.2d at 427. On appeal, the court noted the filing of a Rule 604(d) certificate should precede or be simultaneous with the hearing on the postplea motion in the trial court, but nonetheless, the court determined counsel's certificate strictly complied with the supreme court rule, and nothing in the record suggested the defendant's counsel did not do what he certified he had done. Travis, 301 Ill. App. 3d at 626-27, 704 N.E.2d at 427-28.

In the case at bar, defense counsel's certificate strictly complies with Rule 604(d)'s certificate requirements. The certificate was filed in the trial court. Defendant's attorney stated he consulted with defendant in person to ascertain his contentions of error in this cause, examined the trial court file and report of proceedings of the plea of guilty, and made such amendments to defendant's motion as were necessary for adequate presentation of any defects. Further, counsel expressed his intent to file a Rule 604(d) certificate at the conclusion of the hearing on defendant's amended motion to reconsider sentence. As in Travis, defendant neither argues his counsel's certificate does not comply with Rule 604(d), nor argues his counsel did not do what he certified he had done. Therefore, we find defendant's counsel strictly complied with Rule 604(d).

Next, defendant argues the sentence he received for count II, the child-pornography charge, was excessive and the trial court did not properly balance defendant's rehabilitative potential against the need to protect society.

A trial court is given great deference when making sentencing decisions, and if a sentence falls within the statutory guidelines, it will not be disturbed on review unless the court abused its discretion and the sentence is manifestly disproportionate to the nature of the case. People v. Klimawicze, 352 Ill. App. 3d 13, 31, 815 N.E.2d 760, 777 (2004). Absent an abuse of discretion, a sentence will not be altered on appeal merely because this court might have weighed the mitigating and aggravating factors differently. Klimawicze, 352 Ill. App. 3d at 31, 815 N.E.2d at 777.

A person who violates section 11-20.1(a)(1) of the Criminal Code of 1961 (720 ILCS 5/11-20.1(a)(1) (West 2004)) is guilty of a Class 1 felony. A person convicted of a Class 1 felony shall receive a term of imprisonment of not less than 4 years and not more than 15 years. 730 ILCS 5/5-8-1(a)(4) (West 2004). In sentencing defendant to the maximum sentence available, the trial court stated it considered the offenses committed, the presentence investigation and report, aggravating factors, mitigating factors, defendant's remorse for the crimes committed, defendant's previous criminal history, defendant's risk of reoffending, the protection of the public, the need to deter others from similar acts, the financial impact of incarceration, and the emotional harm done to the 10-year-old child. Although defendant argues on appeal the trial court failed to place sufficient weight on his rehabilitative potential, defendant failed to articulate any evidence of such potential. To the contrary, the record is clear this was defendant's second conviction for a sex offense against a minor, and he is considered to be at a moderate to high risk for reoffending. Further, even if evidence of defendant's rehabilitative potential were apparent, it is not entitled to greater weight than the seriousness of the offense, the protection of the public, and punishment. See

Klimawicze, 352 Ill. App. 3d at 31, 815 N.E.2d at 777. The trial court did not abuse its discretion in sentencing defendant to the maximum prison term available for a Class 1 felony.

For the foregoing reasons, we affirm the trial court's judgment.

Affirmed.

TURNER, P.J., and MYERSCOUGH, J., concur.