# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Gabrys*, 2013 IL App (3d) 110912

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD GABRYS, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-11-0912 |
| Filed | November 14, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The denial of defendant's motions to withdraw his guilty plea to criminal damage to property was reversed and the cause was remanded with directions to allow defense counsel to file a new Supreme Court Rule 604(d) certificate and to allow the opportunity for the filing of a new motion to withdraw defendant's guilty plea, if necessary, and a new hearing on the motion to withdraw the guilty plea, since defense counsel's filing of her Rule 604(d) certificate after defendant's notice of appeal from the denial of his motions to withdraw his guilty plea was filed did not strictly comply with Rule 604(d). |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 07-CF-2471; the Hon. Amy Bertani-Tomczak, Judge, presiding. |
| Judgment | Judgments vacated; remanded with directions. |

Counsel on Appeal

Benjamin A. Wolowski (argued), of State Appellate Defender's Office, of Chicago, for appellant.

James W. Glasgow, State's Attorney, of Joliet (Robert M. Hansen (argued), of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE CARTER delivered the judgment of the court, with opinion.

Justices McDade and Schmidt concurred in the judgment and opinion.

## OPINION

¶ 1    The defendant, Richard Gabrys, pled guilty to criminal damage to property (720 ILCS 5/21-1(1)(a) (West 2006)) and was sentenced to 24 months of probation and 180 days in jail. On appeal, the defendant argues that: (1) the circuit court erred when it denied his motions to withdraw his guilty plea because defense counsel labored under a conflict of interest when representing the defendant on his motions; and (2) defense counsel failed to strictly comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2006). We vacate the circuit court's judgments on the motions to withdraw the guilty plea and remand with directions.

¶ 2                                    FACTS

¶ 3    On January 4, 2008, the defendant was charged by indictment with three counts of Class 4 felony criminal damage to property (720 ILCS 5/21-1(1)(a) (West 2006)) and one count of Class A misdemeanor criminal damage to property (720 ILCS 5/21-1(1)(a) (West 2006)). The indictment alleged that on four separate occasions in 2007, the defendant damaged a backyard lawn, a front door, a garage door, and a gas grill belonging to Donald Gasparic.

¶ 4    In June 2008, the defendant, through counsel, filed a motion to suppress statements the defendant made to police. The defendant made these statements at the hospital on October 28, 2007, where he was being treated for three gunshot wounds inflicted by Gasparic. The motion alleged that the defendant was on at least seven medications, including morphine, at the time he gave those statements.

¶ 5    Several public defenders appeared on behalf of the defendant during the pendency of pretrial matters. Assistant Public Defender Shenonda Tisdale first appeared on September 23, 2009. It appears from the record that from that date forward, Tisdale was the defendant's attorney.

¶ 6    After a hearing was held on the defendant's motion to suppress, the circuit court granted the motion on February 15, 2011.

¶ 7    On April 11, 2011, the case was called for trial. The State informed the circuit court that it was dropping all charges except one charge of Class 4 criminal damage to property. After a recess, defense counsel told the court that the defendant decided to plead guilty to the one count of Class 4 criminal damage to property. She stated that there was no plea agreement.

¶ 8    During guilty-plea admonishments, the court asked the defendant if he was on any medications. The defendant stated he was on medication for anxiety and depression, and that he took another medication to help him sleep. The defendant said that those medications did not affect his ability to communicate with defense counsel or understand the court.

¶ 9    When the court asked the State for a factual basis, the State said that the defendant poured gasoline on Gasparic's backyard lawn, causing more than $300 but less than $10,000 damage. The defendant clarified that he poured a mixture of old oil and diesel fuel on the lawn.

¶ 10   Also during admonishments, the State informed the court that part of the agreement was that it would not charge the defendant with anything arising from phone calls the defendant had made to the victim. After admonishments, the court accepted the defendant's guilty plea.

¶ 11   On May 4, 2011, defense counsel filed a motion to withdraw the defendant's guilty plea, which stated only that "the Defendant wishes to withdraw his guilty plea." Also filed on May 4, 2011, was a letter from the defendant to Judge Amy Bertani-Tomczak, in which the defendant stated:

"I want to vacate my plea of guilty. I was under undue amount of stress from anxiety. Issues related to this case. I take this situation very serious the public defender promised me she would meet with me prior to the court date of 4-11-11 at her office. There was no meeting. I did not have a problem with her until this court date of 4-11-11 then I felt I was behind the 8-ball, rush, rush, rush, when we had ample time to prepare. I need to know. What to do now I contacted the public defenders office she has not called me back yet as of 4-12-11. Please judge I have a defense I need to know what to do. This felony charge is very stressful it will follow me forever I sorry for putting the courts through this but I couldn't think well. My thought process was altered."

¶ 12   On June 29, 2011, defense counsel informed the court that the defendant wanted to withdraw his guilty plea because he did not commit the crime; the defendant told defense counsel that there was another person involved that he had not previously mentioned. The court acknowledged the note sent to the court by the defendant, then continued the case for defense counsel to talk to the defendant and to decide whether to file an amended motion.

¶ 13   When the case was called again on July 6, 2011, defense counsel told the court that the defendant gave her the name Jose Hernandez as the other individual, but the phone number the defendant gave led to no one by that name. Defense counsel also told the court that the defendant wanted to withdraw his plea in part because he felt rushed when making the decision to plead guilty. Further, in reference to the defendant's letter to the court, defense counsel stated:

"He said something about a meeting that we were supposed to have prior to the trial date. Your Honor, he represents to me that I told him that we would meet before the trial date and maybe I did, maybe I didn't, I don't recall. The meeting did not happen, but I have

met with Mr. Gabrys a tremendous amount of times."

At the close of the hearing, the court stated that the case had been on the court's docket since 2007 and that it was common for people to feel uncomfortable when the time came for trial. The court also stated, "you understood the terms of the plea and I found you haven't met your burden. I'm going to deny your motion to withdraw your guilty plea."

¶ 14    On November 2, 2011, the circuit court sentenced the defendant to 24 months of probation and 180 days in jail for Class 4 felony criminal damage to property.

¶ 15    On November 29, 2011, defense counsel filed a second motion to withdraw the defendant's guilty plea in which she stated that the defendant wanted to withdraw his plea because he did not believe the State could prove that he damaged Gasparic's property in excess of $300, which was an element of the crime for which he pled guilty.

¶ 16    On December 8, 2011, the circuit court held a hearing on the defendant's second motion to withdraw his guilty plea. At the hearing, defense counsel acknowledged getting estimates in excess of $300 to repair the damage caused to the lawn. Defense counsel also said that the defendant did not tell her until after he pled guilty that the damage to the lawn was preexisting. At the close of the hearing, the court denied the defendant's motion, and the defendant filed a notice of appeal from that decision on the same day. Four days later, on December 12, 2011, defense counsel filed a certificate pursuant to Supreme Court Rule 604(d).

¶ 17                                    ANALYSIS

¶ 18    On appeal, the defendant argues first that the circuit court erred when it denied his motions to withdraw his guilty plea because defense counsel labored under a conflict of interest. Specifically, the defendant claims that because he suggested that defense counsel was ineffective for failing to meet with him and for failing to discover his potential defenses to the charge, defense counsel had a conflict of interest when arguing the motions.

¶ 19    We review the circuit court's decision on the defendant's motion to withdraw his guilty plea under the abuse of discretion standard. *People v. Jamison*, 197 Ill. 2d 135, 163 (2001).

¶ 20    Initially, we note that the defendant advances an argument on this issue that a *per se* conflict arose due to his allegations of defense counsel's ineffectiveness and that defense counsel should have withdrawn at that point. While we agree with the defendant that the allegations he made–that defense counsel failed to meet with him prior to the day on which he pled guilty and that he had a defense–were adequate to raise an issue of defense counsel's effectiveness, we disagree that a *per se* conflict arose in this case. "A *per se* conflict arises where defense counsel has a tie to a person or entity which would benefit from an unfavorable verdict for the defendant." *People v. Janes*, 168 Ill. 2d 382, 387 (1995); see also *People v. Hernandez*, 231 Ill. 2d 134, 143-44 (2008) (identifying three situations in which *per se* conflicts arise in the ineffective assistance context). No such allegation was made in this case and we hold that no *per se* conflict arose from the defendant's allegations. See *People v. Perkins*, 408 Ill. App. 3d 752, 762 (2011) ("[a] *per se* conflict of interest does not exist merely because a defense attorney's competence is questioned by his client during posttrial proceedings; rather, the underlying allegations of incompetence determine whether

-4-

an actual conflict of interest exists").

¶ 21    Furthermore,

"New counsel is not automatically required in every case in which a defendant presents a *pro se* posttrial motion alleging ineffective assistance of counsel. Rather, when a defendant presents a *pro se* posttrial claim of ineffective assistance of counsel, the trial court should first examine the factual basis of the defendant's claim. If the trial court determines that the claim lacks merit or pertains only to matters of trial strategy, then the court need not appoint new counsel and may deny the *pro se* motion. However, if the allegations show possible neglect of the case, new counsel should be appointed." *People v. Moore*, 207 Ill. 2d 68, 78 (2003).

This rule has been applied in the context of motions to withdraw a guilty plea as well. See, *e.g.*, *People v. Dean*, 2012 IL App (2d) 110505, ¶ 15; *People v. Cabrales*, 325 Ill. App. 3d 1, 5 (2001); *People v. Allen*, 391 Ill. App. 3d 412, 419 (2009) (involving a *pro se* motion alleging ineffective assistance, but also citing *Cabrales* and noting that had the allegations been made in a motion to withdraw a guilty plea, *Moore*'s preliminary inquiry would apply).

¶ 22    Our review of the record in this case reveals that the circuit court inquired into the allegations the defendant made in his *pro se* filing. With regard to the allegation that he had a defense, on June 29, 2011, defense counsel told the court that the defendant maintained he did not commit the crime and that another person was present. The court continued the case for defense counsel to talk to the defendant and to determine whether an amended motion was required.

¶ 23    On July 6, 2011, defense counsel told the court that the name and phone number the defendant gave her turned up no one. Also on that date, with regard to the allegation that defense counsel did not meet with the defendant, defense counsel told the court that she did not recall if she told the defendant that they would meet before the trial date, but that she had met with the defendant "a tremendous amount of times." The court also addressed the defendant's claim that he felt rushed into pleading guilty, noting that the case had been active for a long time and that it was common for people to feel uncomfortable around the time for trial. After inquiring into these allegations and considering the allegation made in defense counsel's motion to withdraw the guilty plea, the court found that "you understood the terms of the plea and I found you haven't met your burden. I'm going to deny your motion to withdraw your guilty plea." In denying the motion, the court indicated that it felt no further action was necessary on the defendant's allegations. We hold that this inquiry was adequate under *Moore*. See *Dean*, 2012 IL App (2d) 110505, ¶ 15 (noting that although the circuit court did not expressly indicate that it was conducting a *Moore* inquiry, the court was in fact conducting such an inquiry, and noting that there is no requirement that the court expressly so state).

¶ 24    Under these circumstances, we hold that defense counsel did not labor under a conflict of interest when arguing the motions to withdraw the defendant's guilty plea. Because the defendant levies no other attack upon the circuit court's rulings on the motions to withdraw his guilty plea, we hold that the court did not abuse its discretion when it denied those motions.

¶ 25    The defendant's second argument on appeal is that defense counsel failed to strictly comply with Rule 604(d). The defendant requests that we remand the case for a new Rule 604(d) hearing.

¶ 26    In relevant part, Rule 604(d) provides:

"The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d).

Defense counsel must strictly comply with Rule 604(d). *People v. Janes*, 158 Ill. 2d 27, 33 (1994). "In general, strict compliance with the attorney certification component of Rule 604(d) means the certificate must be filed in the trial court, rather than on appeal ***. The filing should precede or be simultaneous with the hearing in the trial court." *People v. Shirley*, 181 Ill. 2d 359, 371 (1998). Whether a supreme court rule has been complied with presents a question of law that we review under the *de novo* standard. *People v. Dismuke*, 355 Ill. App. 3d 606, 608 (2005).

¶ 27    Initially, it is important to note the significance of the fact that defense counsel filed two motions to withdraw the guilty plea. The first motion was filed prior to sentencing, which is a procedure that does not comply with Rule 604(d) and does not create a right to appeal from the judgment. *People v. Marquez*, 2012 IL App (2d) 110475, ¶ 4. To create a right to appeal, defense counsel had to renew her premature motion. *Marquez*, 2012 IL App (2d) 110475, ¶ 4. She created a right to appeal by filing a second motion after sentencing. With regard to complying with Rule 604(d)'s certificate requirement, had she filed it with her first, premature motion to withdraw the guilty plea, that certificate would not have complied with Rule 604(d). *Marquez*, 2012 IL App (2d) 110475, ¶ 8. She also failed to file a certificate with her second motion to withdraw the guilty plea, however, and thereby failed to strictly comply with Rule 604(d)'s requirement that the certificate be filed before or simultaneously with the hearing on the second motion. See *Shirley*, 181 Ill. 2d at 371.

¶ 28    We acknowledge that two reported decisions from other districts of the appellate court have held that respective defense counsel strictly complied with Rule 604(d) even though neither filed his or her Rule 604(d) certificate before or simultaneously with the hearings held in those cases. *People v. Travis*, 301 Ill. App. 3d 624, 625-27 (1998) (certificate filed one day before notice of appeal was filed, but after postplea motions were heard and denied); *People v. Grace*, 365 Ill. App. 3d 508, 510-12 (2006) (certificate filed after notice of appeal). However, not only are we are not bound by these decisions (see, *e.g.*, *People v. Damkroger*, 408 Ill. App. 3d 936, 944 (2011) (holding that one district of the appellate court is not bound to follow decisions of other districts)), but we also disagree with their interpretations of *Janes* and its progeny.

¶ 29    *Travis* was the basis for the *Grace* court's decision (*Grace*, 365 Ill. App. 3d at 512), so our commentary begins there. The *Travis* decision appears to be based on *Shirley*'s language that the certificate *must* be filed in the circuit court and *should* occur before or

simultaneously with the hearing on the relevant motion, as the court held that other than the timeliness issue, defense counsel's certificate complied with Rule 604(d). *Travis*, 301 Ill. App. 3d at 626-27. We decline to adopt this rationale, however, especially given our supreme court's statement in *Shirley* that compliance with the "procedure will insure that the trial court, in considering a defendant's motion to withdraw his or her guilty plea or to reduce sentence, will be apprised that defense counsel has reviewed the proceedings with the defendant and prepared any necessary amendments to the motion" (*Shirley*, 181 Ill. 2d at 371). If the certificate is not filed until after the hearing, then the assurances referred to by the *Shirley* court can reasonably be questioned.

¶ 30 Moreover, we also reject the *Travis* court's alternative basis for its ruling, which was that the defendant made no attempt to argue how defense counsel's failure to timely file the certificate affected the outcome of the proceedings or the defendant's rights, or how the certificate did not substantively comply with Rule 604(d). In our opinion, these concerns are wholly irrelevant to the strict compliance requirement, and the *Travis* court's mention of them as a potential basis for its decision runs afoul of *Shirley*, including the conclusion the *Travis* court derived from those concerns that "[b]ased on the record on appeal, this court concludes that if any error occurred in this cause, such error was harmless" (*Travis*, 301 Ill. App. 3d at 627). As our supreme court stated in *Shirley*:

"We observed, in *Janes*[, 158 Ill. 2d 27], that after this court's ruling in [*People v. Wilk*, 124 Ill. 2d 93 (1988)], the appellate court adhered to the strict compliance mandate and renounced the prior practice of determining whether errors in failing to comply with Rule 604(d) were harmless or prejudicial. See, *e.g.*, *People v. Hayes*, 195 Ill. App. 3d 957, 960-61 (1990). We reaffirm the reasoning and disposition of these cases which have faithfully followed the strict compliance standard." *Shirley*, 181 Ill. 2d at 370-71.

¶ 31 In sum, we hold that defense counsel's filing of her Rule 604(d) certificate after the notice of appeal was filed did not strictly comply with Rule 604(d). To comply with Rule 604(d), defense counsel would have had to file her Rule 604(d) certificate before or simultaneously with the hearing on the second motion to withdraw the guilty plea. See *Marquez*, 2012 IL App (2d) 110475, ¶¶ 7-8 (holding that, in a case in which two motions to withdraw a guilty plea were filed, a certificate filed before sentencing does not strictly comply with Rule 604(d)).

¶ 32 The remedy for defense counsel's failure to strictly comply with Rule 604(d) is as follows:

"[W]hen defense counsel neglects to file a Rule 604(d) certificate, the appropriate remedy is a remand for (1) the filing of a Rule 604(d) certificate; (2) the opportunity to file a new motion to withdraw the guilty plea ***, if counsel concludes that a new motion is necessary; and (3) a new motion hearing." *People v. Lindsay*, 239 Ill. 2d 522, 531 (2011).

Thus, we remand this case for further proceedings as defined by our supreme court in *Lindsay*.

¶ 33                    CONCLUSION

¶ 34    The judgments of the circuit court of Will County that denied the defendant's motions to withdraw his guilty plea are vacated, and the case is remanded with directions. Defense counsel must file a Rule 604(d) certificate and be given the opportunity to file a new motion to withdraw the guilty plea on behalf of the defendant, if necessary, and the circuit court must conduct a new hearing on the motion to withdraw the guilty plea.

¶ 35    Judgments vacated; remanded with directions.