# Illinois Official Reports

## Appellate Court

*In re H.L.*, 2014 IL App (2d) 140486

| | |
|---|---|
| Appellate Court Caption | *In re* H.L., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. H.L., Respondent-Appellant). |
| District & No. | Second District<br>Docket No. 2-14-0486 |
| Filed | October 22, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Pursuant to the decision of the Illinois Supreme Court in *Shirley*, and contrary to the appellate court decisions in *Grace* and *Travis*, strict compliance with Supreme Court Rule 604(d) requires that counsel must file the Rule 604(d) certificate at or before the hearing on the motion to reconsider the sentence or the motion to withdraw the plea of guilty and vacate the judgment; therefore, in view of the failure of respondent's counsel to strictly comply with Rule 604(d) by filing a Rule 604(d) certificate at or before the hearing on respondent's motion to reconsider his sentence, the denial of respondent's motion was vacated, the delinquency and probation-revocation causes were remanded, and the trial court was directed to allow counsel to file a new motion, if necessary, to allow the timely filing of a new certificate, and to conduct a new hearing on the motion. |
| Decision Under Review | Appeal from the Circuit Court of De Kalb County; Nos. 10-JD-103, 12-JD-134, 13-JD-199; the Hon. William P. Brady, Judge, presiding. |
| Judgment | Vacated and remanded with directions. |

| Counsel on Appeal | Thomas A. Lilien and Sherry R. Silvern, both of State Appellate Defender's Office, of Elgin, for appellant. |
| | |
| | Richard H. Schmack, State's Attorney, of Sycamore (Lawrence M. Bauer and Victoria E. Jozef, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

| Panel | JUSTICE BIRKETT delivered the judgment of the court, with opinion.
Justices Hutchinson and Zenoff concurred in the judgment and opinion. |

**OPINION**

¶ 1    This case presents the question of whether a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. Feb. 6, 2013) must be filed before or at the hearing on a motion to reconsider the sentence. We hold that our supreme court has already answered the question by holding that, as a matter of strict compliance, such a certificate must be filed at or before the hearing on a motion to reconsider the sentence (*People v. Shirley*, 181 Ill. 2d 359 (1998)), and we disagree with and do not follow contrary appellate authority (*People v. Grace*, 365 Ill. App. 3d 508 (4th Dist. 2006); *People v. Travis*, 301 Ill. App. 3d 624 (5th Dist. 1998)).

¶ 2    Respondent, H.L., admitted the allegations in the petitions to revoke his probation in case Nos. 10-JD-103 and 12-JD-134 and the delinquency petition in case No. 13-JD-199.[1] Respondent was sentenced to indefinite commitment in the Department of Juvenile Justice. He filed a timely motion to reconsider the sentence, the trial court denied the motion, and, about three weeks after the hearing on the motion, respondent's counsel filed in the trial court both a notice of appeal and a Rule 604(d) certificate. Respondent contends on appeal that filing the Rule 604(d) certificate after the hearing on the motion to reconsider the sentence was not in strict compliance with the rule, thus requiring a remand to allow timely filing of the certificate, *at or before* the hearing on the motion to reconsider.

¶ 3    We begin with the relevant language of Rule 604(d):

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment. *** The trial court shall *** determine whether the defendant is

---

[1]The State and respondent both agree that, while a remand under Rule 604(d) would not be necessary in the probation-revocation cases, those cases are so intimately intertwined with the delinquency case that, if the delinquency case is remanded, the probation-revocation cases should also be remanded. We agree with the parties' reasoning and focus on the delinquency case.

represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel. *** The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. Feb. 6, 2013).

¶ 4 Respondent argues that, although, strictly speaking, the rule is silent about when the certificate must be filed, specifying only that it is to be filed in the trial court, our supreme court incorporated a timing requirement for strict compliance with the rule in *Shirley*, 181 Ill. 2d at 371. The court stated:

"[S]trict compliance with the attorney certification component of Rule 604(d) means the certificate must be filed in the trial court, rather than on appeal, as occurred in [*People v. Janes*, 158 Ill. 2d 27 (1994)]. The filing should precede or be simultaneous with the hearing in the trial court. Such a procedure will insure that the trial court, in considering a defendant's motion to withdraw his or her guilty plea or to reduce sentence, will be apprised that defense counsel has reviewed the proceedings with the defendant and prepared any necessary amendments to the motion. *If this standard of strict compliance is not met*, the remedy is a remand to afford defendant another opportunity to be heard on his Rule 604(d) motion." (Emphasis added.) *Id.*

"[T]his standard of strict compliance," in our view, includes both that "the certificate must be filed in the trial court" and that "[t]he filing should precede or be simultaneous with the hearing in the trial court." *Id.* Thus, in *Shirley*, our supreme court held that strict compliance with the certification requirement of Rule 604(d) includes both filing in the trial court *and* filing the certificate at or before the hearing.

¶ 5 We note two reported cases that found strict compliance with Rule 604(d) even though the certificate was filed after the hearing. See *Grace*, 365 Ill. App. 3d at 511-12; *Travis*, 301 Ill. App. 3d at 626-27. *Grace* relied on *Travis* without adding any analysis to its interpretation of *Travis*. *Grace*, 365 Ill. App. 3d at 511-12. *Travis* apparently drew a distinction between *Shirley*'s uses of "should" and "must" and held that our supreme court's statement that the filing "should" precede or be simultaneous with the hearing was only aspirational, while the statement that the filing "must" be in the trial court was mandatory. *Travis*, 301 Ill. App. 3d at 626. The *Travis* court further reasoned that a tardy filing of the certificate was unimportant because the certificate still would memorialize the actions taken by the attorney, thereby protecting the defendant's interests, and any dispute about the certificate's accuracy could be addressed and resolved at the convenience of the trial court. *Id.* at 627. In neither *Grace* nor *Travis* did the appellate court consider the effect of the supreme court's statement, "if this standard of strict compliance is not met," which referred to the procedures it had outlined immediately before the statement, including filing the certificate at or before the hearing (*Shirley*, 181 Ill. 2d at 371). *Grace*, 365 Ill. App. 3d at 511-12; *Travis*, 301 Ill. App. 3d at 626-27. We believe that by this omission the *Grace* and *Travis* courts departed from our supreme court's holding in *Shirley*.

¶ 6 Both *Grace* and *Travis* overlooked the pertinent and controlling language of *Shirley*. *Shirley*, 181 Ill. 2d at 371 (strict compliance with Rule 604(d) requires that the certificate be

filed both in the trial court and at or before the hearing in the trial court). In *People v. Marquez*, 2012 IL App (2d) 110475, ¶¶ 6-8, this court recognized the controlling nature of *Shirley*'s language. We reasoned that adhering to the requirement of filing the certificate at or before the hearing is "not simply an empty ritual," because the certificate's purpose is to "ensure that counsel has considered all relevant bases for relief." *Id.* ¶ 8. We opined that the "logically deducible sequence of events is: (1) entry of plea, (2) sentencing, (3) filing of motion, (4) appointment of counsel for the proceedings on the motion, and (5) filing of certificate," which implies that all this is to be completed at or before the hearing *Id.* ¶ 7. If the certificate is not filed at or before the hearing, the trial court cannot be sure, when conducting the hearing, that counsel has actually considered all the relevant bases for relief or otherwise performed his or her duties under the rule. Thus, *Shirley* explicitly holds, and in *Marquez* we expressly acknowledged, that strict compliance with Rule 604(d) includes filing the certificate in the trial court at or before the hearing. *Shirley*, 181 Ill. 2d at 371; *Marquez*, 2012 IL App (2d) 110475, ¶¶ 6-8. We therefore conclude that *Grace* and *Travis* departed from our supreme court's express mandate concerning the procedures comprising strict compliance with Rule 604(d), and we choose not to follow them. See *People v. Damkroger*, 408 Ill. App. 3d 936, 944 (2011) (an appellate district is not bound to follow the decisions of other appellate districts). Rather, we follow *Shirley* and *Marquez* and hold that, in order to strictly comply with Rule 604(d), the certificate must be filed in the trial court at or before the hearing.

¶ 7 Here, it is undisputed that respondent's counsel did not file the Rule 604(d) certificate at or before the hearing on the motion to reconsider the sentence. Accordingly, we conclude that counsel did not strictly comply with Rule 604(d), the remedy for which is to remand for compliance. As a result of this holding, we need not consider respondent's arguments about the impropriety of his sentence.

¶ 8 We therefore remand for (1) the timely filing of a new Rule 604(d) certificate, (2) the opportunity to file a new Rule 604(d) motion, if counsel determines that a new motion is necessary, and (3) a new motion hearing. See *People v. Lindsay*, 239 Ill. 2d 522, 531 (2011).

¶ 9 For the foregoing reasons, the judgment of the circuit court of De Kalb County denying respondent's motion to reconsider the sentence is vacated, and the delinquency and probation-revocation causes are remanded with directions. Respondent's counsel must be given the opportunity to file a new Rule 604(d) motion, if necessary, and counsel must file a new Rule 604(d) certificate at or before the new motion hearing.

¶ 10 Vacated and remanded with directions.