NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230454-U

NO. 4-23-0454

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 3, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Carroll County |
| ZACHARY A. MONSHOWER, | ) | No. 21CF117 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | J. Jerry Kane, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Justices Doherty and Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed where defendant failed to present a sufficiently
complete record on appeal.

¶ 2    In February 2023, defendant, Zachary A. Monshower, pleaded guilty to unlawful

possession of methamphetamine (720 ILCS 646/60(b)(1) (West 2020)). The trial court sentenced

defendant to 24 months' probation. Defendant filed a motion to withdraw his plea, which the court

denied. Defendant appeals, arguing his trial counsel did not strictly comply with the requirements

of Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    In February 2023, defendant entered a negotiated guilty plea to one count of

unlawful possession of methamphetamine (720 ILCS 646/60(b)(1) (West 2020)). The trial court

admonished defendant on the rights he would be giving up by pleading guilty. The court sentenced defendant to 24 months' probation.

¶ 5 In March 2023, defendant, through counsel, filed a motion to withdraw his guilty plea. After a May 2023 hearing, the trial court found defendant made a knowing and voluntary plea and denied his motion. A notice of appeal and a Rule 604(d) certificate were filed that same day.

¶ 6 This appeal followed.

¶ 7 II. ANALYSIS

¶ 8 On appeal, defendant argues trial counsel did not strictly comply with the filing requirements of Rule 604(d).

¶ 9 Rule 604(d) requires strict compliance. *People v. Janes*, 158 Ill. 2d 27, 33 (1994). To comply with the rule, defense counsel must file a certificate stating he or she has consulted with the defendant, reviewed the proceedings, and made any amendments to the motion necessary for an adequate presentation of any defects in the proceedings. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Although the rule itself does not state when the certificate should be filed, "[s]trict compliance with the Rule 604(d) certificate requirement generally means the certificate must be filed in the trial court rather than on appeal, and the filing should precede or be simultaneous with the hearing on a defendant's Rule 604(d) motion." *People v. Grace*, 365 Ill. App. 3d 508, 511 (2006) (citing *People v. Shirley*, 181 Ill. 2d 359, 371 (1998)).

¶ 10 Defendant does not argue counsel's Rule 604(d) certificate was improper in substance. Rather, defendant contends counsel's certificate was (1) untimely filed after the notice of appeal and (2) not filed prior to or simultaneously with the hearing on his Rule 604(d) motion.

¶ 11　　　　The State argues defendant has failed to provide a proper record on appeal to support his argument and we should construe any deficiencies in the record against him. We agree.

¶ 12　　　　The appellant has the burden "to present a record which fairly and fully presents all matters necessary and material for a decision of the questions raised." *Interstate Printing Co. v. Callahan*, 18 Ill. App. 3d 930, 932 (1974). "Further, a party's factual assertions in an appellate brief cannot serve as a substitute for a proper record." (Internal quotation marks omitted.) *Vance v. Joyner*, 2019 IL App (4th) 190136, ¶ 82. "[I]n the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with [the] law and had a sufficient factual basis. Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984).

¶ 13　　　　Defendant points to two places in the common law record in support of his claim. First, the docket sheet from the trial court, which contains an entry dated "05/25/2023," lists the following events in the order below:

> "Motion hearing held. Testimony taken. Arguments heard. Court denies motion to withdraw guilty plea.
>
> ***
>
> Notice of Appeal, Filed
>
> Certificate of Counsel Pursuant To Illinois Supreme Court Rule 604(d), Filed."

Second, the common law record contains copies of the notice of appeal and the Rule 604(d) certificate, but the notice of appeal appears one page before the certificate. Both documents are stamped "Filed" by the clerk of the trial court on May 25, 2023.

¶ 14　　　　On this record, we cannot determine with sufficient certainty whether the Rule 604(d) certificate was filed before or after the notice of appeal. We similarly cannot determine

whether the certificate was filed prior to or simultaneously with the hearing on defendant's Rule 604(d) motion. All we know for certain is the documents were filed and the hearing took place on May 25, 2023.

¶ 15     Defendant relies on *People v. Begay*, 2018 IL App (1st) 150446, ¶ 47, for the proposition that "[a] half-sheet is a sheet on which the clerk's office enters chronological notations indicating the procedural events of a case. [Citation.] A half-sheet entry is also called a docket entry [citation], and it may be relied on as some evidence of certain legal events. [Citation.]" (Internal quotation marks omitted.) However, *Begay* is factually distinguishable from the instant case. In *Begay*, the relevant docket entries were separated by different dates, which clearly delineated the chronological order of the events. *Begay*, 2018 IL App (1st) 150446, ¶ 47. In the case before us, we have one docket entry, which lists multiple events as occurring on the same date. Within the single docket entry, we cannot tell what time each event occurred or if one or more events occurred simultaneously.

¶ 16     Defendant presents no authority, and our research reveals none, to suggest that events listed within the same docket entry are done so in chronological order. Without more, we would be speculating as to whether these events actually occurred in the order in which they appear on the docket sheet and in the appellate record. As such, we construe this deficiency in the record against defendant and presume the proper filing procedures were followed in the trial court.

¶ 17                                III. CONCLUSION

¶ 18     For the reasons stated, we affirm the trial court's judgment.

¶ 19     Affirmed.