# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*People v. Marquez*, **2012 IL App (2d) 110475**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROY MARQUEZ, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-11-0475 |
| Filed | September 14, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | When a defendant renews a premature motion under Supreme Court Rule 604(d), his counsel must file a second certificate in order to strictly comply with Rule 604(d); therefore, in the absence of a proper certificate from defendant's attorney, the order denying defendant's motion to withdraw his guilty plea was vacated and the cause was remanded for the filing of a valid certificate, an opportunity to file a new motion, if necessary, and a new hearing. |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 09-CF-2608; the Hon. John T. Phillips, Judge, presiding. |
| Judgment | Vacated and remanded. |

| Counsel on Appeal | Thomas A. Lilien and Paul Alexander Rogers, both of State Appellate Defender's Office, of Elgin, for appellant. |
| | |
| | Michael J. Waller, State's Attorney, of Waukegan (Lawrence M. Bauer and Richard S. London, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | |
| Panel | JUSTICE BURKE delivered the judgment of the court, with opinion. Justices Zenoff and Hudson concurred in the judgment and opinion. |

## OPINION

¶ 1    Defendant, Roy Marquez, appeals from an order of the circuit court of Lake County denying his motion to withdraw his plea under *North Carolina v. Alford*, 400 U.S. 25 (1970), to a single count each of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2000)) and aggravated criminal sexual abuse (720 ILCS 5/12-16(c)(1)(i) (West 2000)). Because defendant's attorney did not properly certify compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2006), we remand for proceedings in compliance with that rule.

¶ 2    The pertinent facts require only a brief summary. In exchange for defendant's *Alford* plea to the charges described above, additional charges against defendant were nol-prossed and the State agreed that the aggregate length of defendant's prison terms for the two offenses would not exceed 25 years. Prior to sentencing, defendant filed a motion to withdraw his plea, arguing, *inter alia*, that his attorneys had not explained the extent to which his plea would limit appellate review. Defendant's attorneys were permitted to withdraw and a new attorney was appointed to represent defendant. Following an evidentiary hearing, the trial court denied the motion and defendant later moved, unsuccessfully, for reconsideration of the trial court's order. The trial court sentenced defendant to consecutive prison terms of 21 years for predatory criminal sexual assault and 3 years for aggravated criminal sexual abuse. The court admonished defendant that, if he wished to appeal, he would need to file, within 30 days, a written motion to withdraw his plea. Defendant's attorney moved, yet again, for reconsideration of the denial of defendant's previous motion to withdraw his plea. The court deemed the motion for reconsideration to be a motion to withdraw defendant's plea. The court denied the motion, and this appeal followed.

¶ 3    Rule 604(d) provides, in pertinent part, as follows:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the

plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment. No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment. For purposes of this rule, a negotiated plea of guilty is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending. *** The trial court shall *** determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel. *** *The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings*." (Emphasis added.) Ill. S. Ct. R. 604(d) (eff. July 1, 2006).

¶ 4    It is well established that "[d]efense counsel must strictly comply with Rule 604(d)'s certificate requirement, and, when counsel fails to do so, the case must be remanded to the trial court for proceedings in compliance with the rule." *People v. Love*, 385 Ill. App. 3d 736, 737 (2008). In this case, defendant filed two motions to withdraw his guilty plea. The first was filed before defendant was sentenced, and defendant's attorney filed a certificate in the proper form with respect to that motion. However, a motion filed prior to sentencing does not comply with Rule 604(d) and will not give rise to a right to appeal from the judgment. *People v. Ramage*, 229 Ill. App. 3d 1027, 1030-31 (1992). The defendant must renew the premature motion in order to preserve the right to appeal. *Id.* Here, defendant did essentially that by moving for reconsideration of the denial of the premature motion. The trial court deemed the motion for reconsideration to be a new motion to withdraw, but defendant's attorney did not file a new certificate of compliance under Rule 604(d). Instead, defendant's attorney filed a certificate of compliance with Illinois Supreme Court Rule 651 (eff. Dec. 1, 1984), which pertains to the duties of an attorney representing a criminal defendant in proceedings under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2010)). There appears to be no dispute that the certificate did not strictly comply with Rule 604(d). Were that the only certificate of counsel in the record on appeal, it would be clear that the case would have to be remanded to the trial court. The controlling question in this case is whether the certificate filed before defendant was sentenced–in connection with his premature motion to withdraw his plea–complied with Rule 604(d). Stated differently, when a defendant renews a premature Rule 604(d) motion, must his or her attorney file a second Rule 604(d) certificate? In *People v. Sawyer*, 258 Ill. App. 3d 174 (1994), we held that a second certificate is unnecessary. We now conclude, however, that *Sawyer* was decided incorrectly and we decline to follow its holding.

¶ 5    In *Sawyer*, we reasoned as follows:

"The language of [Rule 604(d)] contemplates that, because the motion to withdraw the guilty plea is properly a post-judgment motion, the filing of the certificate normally will

not occur until after the sentence has been imposed. However, the rule does not explicitly state that the certificate must be filed with the trial court only after imposition of sentence. Where a proper certificate is already on file as of the post-judgment motion, the rule's requirement that '[t]he defendant's attorney shall file with the trial court a certificate' [citation] has been satisfied." *Id.* at 178.

¶ 6        It appears, however, that in *People v. Shirley*, 181 Ill. 2d 359, 371 (1998), our supreme court was unimpressed with this line of reasoning, which the appellate court in *Shirley* had extended to cases where a certificate is filed after a ruling on the motion (*People v. Shirley*, 284 Ill. App. 3d 734, 738 (1996)). Just as there is no *explicit* requirement that the certificate be filed after sentencing, there is also no *explicit* requirement that it be filed before the ruling on the motion. Thus, if the reasoning in *Sawyer* were correct, it would follow that the certificate could be filed after the trial court rules on the motion. However, in *Shirley*, our supreme court expressly rejected such an interpretation:

> "The filing [of the Rule 604(d) certificate] should precede or be simultaneous with the hearing in the trial court. Such a procedure will insure that the trial court, in considering a defendant's motion to withdraw his or her guilty plea or to reduce sentence, will be apprised that defense counsel has reviewed the proceedings with the defendant and prepared any necessary amendments to the motion. *If this standard of strict compliance is not met*, the remedy is a remand to afford defendant another opportunity to be heard on his Rule 604(d) motion." (Emphasis added.) *Shirley*, 181 Ill. 2d at 371.

See also *People v. McCaskill*, 298 Ill. App. 3d 260, 267 (1998) (citing *Shirley* for the proposition that "[s]trict compliance with the requirements of Rule 604(d) is required and means filing of the attorney certificate must precede or be simultaneous with the hearing on the motion in the trial court"). But see *People v. Travis*, 301 Ill. App. 3d 624, 627 (1998) (declining to require the filing of a Rule 604(d) certificate prior to hearing in every case where the certificate must be filed). Although the *Shirley* court affirmed the appellate court's decision, it did not do so because it agreed with the appellate court's interpretation of Rule 604(d). Rather, the court reasoned that the principle of strict compliance did not automatically require multiple remands. *Shirley*, 181 Ill. 2d at 369. Because the case had previously been remanded for compliance with Rule 604(d), the *Shirley* court declined to remand the case yet again, despite counsel's failure to strictly comply with the rule.

¶ 7        In view of *Shirley*, we must consider what Rule 604(d) contemplates, not merely what the rule states explicitly. As we acknowledged in *Sawyer*, Rule 604(d) contemplates that the certificate will be filed *after* the defendant has been sentenced. There is no provision for filing a postplea motion prior to sentencing, and in cases where an indigent defendant desires counsel, the attorney will be appointed after the motion is filed and will thereafter file the necessary certificate. The logically deducible sequence of events is: (1) entry of plea, (2) sentencing, (3) filing of motion, (4) appointment of counsel for the proceedings on the motion, and (5) filing of certificate. The attorney representing the defendant between the entry of the plea and sentencing will be able to consult with the defendant and review the court file and the report of proceedings of the plea of guilty. However, Rule 604(d) also requires counsel to certify that he or she has made necessary amendments to the motion. Because Rule 604(d) requires the motion to be filed *after sentencing*, counsel's certification

-4-

prior to sentencing that he or she has made necessary amendments to the motion would be meaningless.

¶ 8      Adherence to the sequence of events described in the preceding paragraph is not simply an empty ritual. As stated in *Shirley*:

> "Compliance with the motion requirement of Rule 604 permits the trial judge who accepted the plea and imposed sentence to consider any allegations of impropriety that took place *dehors* the record and correct any error that may have led to the guilty plea. [Citations.] Requiring the defendant's counsel to file the requisite certificate *enables the trial court to insure that counsel has reviewed the defendant's claim and considered all relevant bases for the motion to withdraw the guilty plea or to reconsider the sentence*." (Emphasis added.) *Id.* at 361.

A certificate filed before sentencing does not ensure that counsel has considered all relevant bases for relief. This is true even in cases, like this one, where entry of a negotiated guilty plea significantly limits the scope of appellate review of a trial court's sentencing decision. See, *e.g.*, *People v. Spriggle*, 358 Ill. App. 3d 447, 454-55 (2005) (a defendant who unsuccessfully moves to withdraw a plea entered under an agreement capping his or her sentence may appeal from the denial of the motion but may not challenge the severity of his or her sentence). A negotiated guilty plea does not foreclose review of sentencing errors that bear on the validity of the guilty plea or that represent a breach of the defendant's plea agreement. See generally *People v. Whitfield*, 217 Ill. 2d 177 (2005). Such issues may arise when terms of a plea agreement favorable to the defendant are unenforceable (see, *e.g.*, *id.* (plea agreement that did not provide for mandatory supervised release); *People v. Clark*, 2011 IL App (2d) 091116 (plea agreement that attempted to give double credit for time served to defendant sentenced to consecutive sentences)) or when the defendant is incorrectly admonished about the sentence he or she faces (see, *e.g.*, *People v. Snyder*, 2011 IL 111382 (where defendant who was ordered to pay restitution had not been admonished prior to entry of plea that sentence might include restitution, proper remedy was to permit defendant to withdraw her plea)). In our experience, these sorts of errors occur with some frequency, and it is not unlikely that a defendant will first become aware of such an error when the trial court imposes a sentence that does not conform to the defendant's understanding of the authorized sentences for an offense or the terms of his or her plea agreement. If counsel consults with the defendant only before sentencing and makes amendments only to a premature motion, significant errors might not come to the trial court's attention. We therefore conclude that a certificate filed prior to sentencing does not satisfy the requirements of Rule 604(d).

¶ 9      For the foregoing reasons, we vacate the order denying defendant's motion to withdraw his plea and we remand the cause for "(1) the filing of a [valid] Rule 604(d) certificate; (2) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if counsel concludes that a new motion is necessary; and (3) a new motion hearing." *People v. Lindsay*, 239 Ill. 2d 522, 531 (2011).

¶ 10      Vacated and remanded.