# Illinois Official Reports

## Appellate Court

---

### *People v. Montag*, 2014 IL App (4th) 120993

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KENT MONTAG, Defendant-Appellant.–THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KENT MONTAG, Defendant-Appellant.–THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KENT MONTAG, Defendant-Appellant. |
| District & No. | Fourth District <br> Docket Nos. 4-12-0993, 4-12-0994, 4-12-0995 cons. |
| Filed | January 28, 2014 |
| Held <br> (*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a consolidated appeal from the sentences, including fines, imposed on defendant for traffic offenses, the fines imposed by the circuit clerk were vacated and remanded with directions that they be reimposed by the trial court with the statutory credit for presentence incarceration, where applicable, and the trial court was directed to correct the sentencing judgment to reflect the consecutive relationship of the sentences imposed. |
| Decision Under Review | Appeal from the Circuit Court of Woodford County, Nos. 11-CF-12, 11-CF-45, 09-CF-46; the Hon. Charles M. Feeney, Judge, presiding. |

| Judgment | No. 4-12-0993, Affirmed in part and vacated in part; cause remanded with directions. |
|---|---|
| | No. 4-12-0994, Affirmed in part and vacated in part; cause remanded with directions. |
| | No. 4-12-0995, Affirmed in part and vacated in part; cause remanded with directions. |
| | |
| Counsel on Appeal | Michael J. Pelletier, Karen Munoz, and Susan M. Wilham, all of State Appellate Defender's Office, of Springfield, for appellant. |
| | |
| | Gregory A. Minger, State's Attorney, of Eureka (Patrick Delfino, David J. Robinson, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | |
| Panel | JUSTICE KNECHT delivered the judgment of the court, with opinion. |
| | Justices Turner and Steigmann concurred in the judgment and opinion. |

**OPINION**

¶ 1   In June 2011, the trial court sentenced defendant, Kent Montag, to two years' imprisonment in Woodford County case No. 09-CF-46, four years' imprisonment in Woodford County case No. 11-CF-12, and five years' imprisonment in Woodford County case No. 11-CF-45. The sentence in No. 11-CF-12 was ordered to run concurrently to the sentence in No. 09-CF-46 and the sentence in No. 11-CF-45 was ordered to run consecutively to the sentence in No. 11-CF-12. On September 4, 2012, trial counsel filed a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2006) asserting he had "made all amendments to the motion necessary for the adequate presentation of any defects" in the guilty plea and sentencing hearings. In October 2012, counsel filed an amended motion to reconsider defendant's sentence. The trial court denied the motion.

¶ 2   On appeal, in Nos. 4-12-0993 and 4-12-0994, defendant argues trial counsel's certificate is not in strict compliance with Rule 604(d) because it was filed prior to the amended motion to reconsider. In No. 4-12-0995, defendant argues he was improperly assessed a $200 public defender fee because it was imposed at the time the trial court appointed counsel and without a

hearing on defendant's ability to pay. In all three appeals, defendant argues he is entitled to a $5 *per diem* credit against his creditable fines. Our review showed other errors we address as necessary. We affirm in part, vacate in part, and remand with directions.

¶ 3                                              I. BACKGROUND
¶ 4                                              A. The Offenses
¶ 5         In July 2009, in Woodford County case No. 09-CF-46 (our case No. 4-12-0995), defendant pleaded guilty to aggravated driving while his license was revoked (625 ILCS 5/6-303(a) (West 2008)). In August 2009, the trial court sentenced defendant to 30 months' probation and imposed a $200 deoxyribonucleic acid (DNA) analysis fee (730 ILCS 5/5-4-3(j) (West 2008)) and a $500 fine. On May 27, 2010, the State filed a petition to revoke defendant's probation. On July 13, 2010, the trial court held an initial hearing on the petition to revoke and appointed a public defender to represent defendant. As part of its ruling, the court assessed a $200 public defender fee. On August 10, 2010, the State dismissed the petition to revoke. In March 2011, the State filed a second petition to revoke defendant's probation, alleging defendant violated his probation by committing the offenses underlying Woodford County case No. 11-CF-12.

¶ 6         In February 2011, in Woodford County case No. 11-CF-12 (our case No. 4-12-0993), the State charged defendant with aggravated driving while his license was revoked (625 ILCS 5/6-303(a) (West 2010)) for conduct occurring on January 17, 2011.

¶ 7         In March 2011, in Woodford County case No. 11-CF-45 (our case No. 4-12-0994), the State charged defendant with aggravated driving while his license was revoked (625 ILCS 5/6-303(a) (West 2010)) for conduct occurring on March 9, 2011.

¶ 8                                    B. The Plea and Sentencing Hearings
¶ 9         In May 2011, at the same hearing, defendant admitted the petition to revoke in No. 09-CF-46 and pleaded guilty in Nos. 11-CF-12 and 11-CF-45.

¶ 10        In June 2011, the trial court held a joint sentencing hearing. In No. 09-CF-46, the trial court revoked defendant's probation and resentenced him to two years' imprisonment. The trial court awarded two days' sentencing credit for the time period from April 10, 2009, to April 11, 2009. In No. 11-CF-12, the court sentenced defendant to four years' imprisonment and awarded one day of sentencing credit for January 17, 2012. The court ordered the sentence in No. 11-CF-12 to run concurrently with the sentence in No. 09-CF-46. In No. 11-CF-45, the court sentenced defendant to five years' imprisonment and awarded one day of sentencing credit for March 9, 2011. The court ordered the sentence in No. 11-CF-45 to run consecutively to the sentence in No. 11-CF-12.

¶ 11        Although not raised by the parties, we note during pronouncement of sentence, the court stated court costs were owed and "[n]o fine[s] will be imposed in these cases." The docket entries in each case make no reference to imposition of any fines. Likewise, the written sentencing judgments make no mention of the imposition of any fines. (In No. 09-CF-46, the docket entry and written sentencing judgment impose a $200 DNA analysis fee.)

¶ 12                          C. The Postsentencing Proceedings

¶ 13    In July 2011, defendant filed a *pro se* notice of appeal. In November 2011, this court remanded with directions the trial court admonish defendant in strict compliance with Illinois Supreme Court Rule 605 (eff. Oct. 1, 2001) and allow him to file an appropriate postplea motion. *People v. Montag*, 2011 IL App (4th) 110707-U (No. 09-CF-46); *People v. Montag*, 2011 IL App (4th) 110708-U (No. 11-CF-12); *People v. Montag*, 2011 IL App (4th) 110709-U (No. 11-CF-45).

¶ 14    In February 2012, defendant filed a *pro se* motion to withdraw his plea and a motion to reconsider his sentence. In August 2012, defendant, through counsel, filed an amended motion to withdraw his plea and motion to reconsider sentence.

¶ 15    On September 4, 2012, trial counsel filed a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2006). The same certificate was filed in all three cases. The certificate stated as follows:

> "The Defendant's attorney *** hereby states that he has read the transcript of the plea hearing and the sentencing hearing in this case and that he has consulted with the Defendant at the Woodford County Courthouse in person on August 28, 2012[,] and has gone over all the documents with the Defendant, and has ascertained the Defendant's contentions of error and more specifically why he entered the plea of guilty. This attorney further states that he has examined the trial court file and all reports of the proceedings of the plea of guilty, and has made all amendments to the motion necessary for the adequate presentation of any defects in those proceedings and has filed a Motion to Reconsider Sentence."

¶ 16    On October 16, 2012, counsel filed an amended motion to reconsider (in all three cases) alleging the presentence investigation report did not comply with section 5-3-2 of the Unified Code of Corrections (730 ILCS 5/5-3-2 (West 2010)). On the same day, the trial court held a hearing on the motions. It denied defendant's motions.

¶ 17    These appeals followed. On our own motion, we consolidated these three appeals.

¶ 18                                   II. ANALYSIS

¶ 19    In Nos. 4-12-0993 and 4-12-0994, defendant argues trial counsel's certificate is not in strict compliance with Rule 604(d) because it was filed prior to the amended motion to reconsider filed on October 16, 2012. In No. 4-12-0995, defendant argues he was improperly assessed a $200 public defender fee because it was imposed at the time the trial court appointed counsel and without a hearing on defendant's ability to pay. In all three appeals, defendant argues he is entitled to a $5 *per diem* credit against his creditable fines. Our review showed other errors we address as necessary. We address defendant's contentions in turn.

¶ 20                          A. Defendant's Rule 604(d) Claim

- 4 -

¶ 21    Defendant asserts trial counsel's certificate is not in strict compliance with Rule 604(d) because it was filed prior to the amended motion to reconsider. Defendant posits the certificate's representation counsel "made all amendments to the motion necessary for the adequate presentation of any defects" in the plea and sentencing proceedings is "belied" by the record because counsel filed an amended motion after the certificate. Defendant adds the consultation requirement is "placed into question" because there were letters sent between defendant and counsel about the subject matter of the amended motion. We find defendant's arguments unpersuasive.

¶ 22    "The question of whether defense counsel complied with Rule 604(d) is subject to *de novo* review." *People v. Neal*, 403 Ill. App. 3d 757, 760, 936 N.E.2d 726, 728 (2010). Strict compliance with Rule 604(d) is required. *Id.* Rule 604(d) provides, in relevant part:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2006).

This court has stated the purpose of the Rule 604(d) "certificate requirement is to ensure 'counsel has reviewed the defendant's claim and considered all relevant bases for the motion to withdraw the guilty plea or to reconsider the sentence.' " *People v. Petty*, 366 Ill. App. 3d 1170, 1176, 853 N.E.2d 429, 434 (2006) (quoting *People v. Shirley*, 181 Ill. 2d 359, 361, 692 N.E.2d 1189, 1191 (1998)).

¶ 23    As for the timing of the certificate, our supreme court has stated the following:

> "The filing should precede or be simultaneous with the hearing in the trial court. Such a procedure will insure that the trial court, in considering a defendant's motion to withdraw his or her guilty plea or to reduce sentence, will be apprised that defense counsel has reviewed the proceedings with the defendant and prepared any necessary amendments to the motion." *Shirley*, 181 Ill. 2d at 371, 692 N.E.2d at 1195.

¶ 24    Defendant does not provide a case directly on point but offers two Second District cases in support of his argument. In *People v. Marquez*, 2012 IL App (2d) 110475, ¶ 2, 976 N.E.2d 1145, the defendant filed a motion to withdraw his plea and counsel filed a Rule 604(d) certificate *before* sentencing. Then, after sentencing, counsel renewed the motion but did not file a new certificate. *Id.* The Second District considered whether a second Rule 604(d) certificate was required where the original motion to withdraw was premature. *Id.* ¶ 4, 976 N.E.2d 1145. It held a second certificate was required and concluded "a certificate filed prior to sentencing does not satisfy the requirements of Rule 604(d)." *Id.* ¶ 8, 976 N.E.2d 1145. In *People v. Love*, 385 Ill. App. 3d 736, 737, 896 N.E.2d 1062, 1065 (2008), trial counsel stated she needed to examine the transcript from the guilty plea hearing. The Second District found the record left a "distinct impression" counsel had not examined the transcript. *Id.* It stated the record's uncertainty was enough "to shake our confidence as to defense counsel's compliance with the substantive requirements of the rule." *Id.* at 738, 896 N.E.2d at 1065. The appellate court concluded "a Rule 604(d) certificate filed merely in anticipation of compliance with the

rule's substantive requirements is unacceptable" (*id.*), and held "a Rule 604(d) certificate filed before counsel has actually complied with the substantive requirements of Rule 604(d) is ineffective" (*id.* at 739, 896 N.E.2d at 1066). Both *Marquez* and *Love* are quickly distinguished as the instant certificate was filed *after* sentencing and defendant's claim is not about counsel's representation he reviewed the transcript from the guilty plea hearing.

¶ 25    Defendant claims strict compliance with Rule 604(d) is not met because counsel filed an amended motion to reconsider on October 16, 2012, after filing the certificate on September 4, 2012. According to defendant, the problem is the certificate stated counsel had consulted with defendant and made "all" amendments necessary but later filed an amended motion to reconsider. Defendant does not suggest counsel failed to comply with the rule's substantive requirements of consulting with him about alleged errors, reviewing the court file and transcripts, or making necessary amendments. Nor does he articulate how the certificate's technical inaccuracy undermines Rule 604(d)'s purpose and deprives him of a fair opportunity to present his claims of error in the guilty pleas and sentences. These are the concerns animating Rule 604(d), not the formalistic interpretation defendant suggests. See *People v. Jordan*, 2013 IL App (2d) 120106, ¶¶ 10-18, 992 N.E.2d 585. He does not state what purpose remand would serve. It appears remand would only serve to allow counsel to file a new certificate *after* the amended motion. Remand would merely be a *pro forma* activity and serve no substantive purpose. However, we question why any counsel would file the certificate well before filing the amended motion. Such practice inserts an oddity into the record that we must address, and it is a waste of resources. Rule 604(d) compliance is not difficult. Such issues should not continue to occur.

¶ 26                              B. Defendant's Public Defender Fee

¶ 27    Defendant contends he was improperly assessed a $200 public defender fee because the fee was imposed before services were provided and without a hearing to determine his ability to pay. The State responds this issue is not properly before this court because defendant did not appeal the order assessing the fee.

¶ 28    On May 27, 2010, the State filed its first petition to revoke defendant's probation. This led to the July 13, 2010, reimbursement order. Then on August 10, 2010, the State dismissed this petition to revoke defendant's probation. On March 8, 2011, the State filed a second petition to revoke defendant's probation. This petition led to the revocation of defendant's probation and the prison sentence. Generally, "[w]hen no direct appeal is taken from an order of probation and the time for appeal has expired, a reviewing court is precluded from reviewing the propriety of that order in an appeal from a subsequent revocation of that probation, unless the underlying judgment of conviction is void." *People v. Johnson*, 327 Ill. App. 3d 252, 256, 762 N.E.2d 1180, 1183 (2002). However, here the underlying order is not an order of probation and because the May 2010 petition to revoke was dismissed, this is defendant's first opportunity to attack the trial court's July 2010 reimbursement order.

¶ 29    Section 113-3.1(a) of the Code of Criminal Procedure of 1963 (Procedure Code) provides, in relevant part:

"(a) Whenever under either Section 113-3 of this Code or Rule 607 of the Illinois Supreme Court the court appoints counsel to represent a defendant, the court may order the defendant to pay to the Clerk of the Circuit Court a reasonable sum to reimburse either the county or the State for such representation. In a hearing to determine the amount of the payment, the court shall consider the affidavit prepared by the defendant under Section 113-3 of this Code and any other information pertaining to the defendant's financial circumstances which may be submitted by the parties. Such hearing shall be conducted on the court's own motion or on motion of the State's Attorney at any time after the appointment of counsel but no later than 90 days after the entry of a final order disposing of the case at the trial level." 725 ILCS 5/113-3.1(a) (West 2010).

¶ 30    In *People v. Love*, 177 Ill. 2d 550, 563, 687 N.E.2d 32, 38 (1997), the supreme court held section 113-3.1 "requires that the trial court conduct a hearing into a defendant's financial circumstances and find an ability to pay before it may order the defendant to pay reimbursement for appointed counsel." The supreme court went on to state as follows:

"Where, as here, the trial court wholly ignored the statutory procedures mandated for a reimbursement order under section 113-3.1, and instead ordered reimbursement *sua sponte* without any warning to the defendant, fairness dictates that waiver should not be applied. The hearing required by section 113-3.1 is a safeguard designed to insure that a reimbursement order entered under that section meets constitutional standards ***. Here, the trial court failed to conduct any hearing or to otherwise engage in any consideration of defendant's financial circumstances and failed to allow defendant any opportunity to present evidence or otherwise contest the imposition of a reimbursement order. Rather, the record reveals that the trial court proceeded as if the imposition of a reimbursement order was a perfunctory exercise, performed as a rule in every case. As discussed at length earlier in this opinion, however, reimbursement under section 113-3.1 is not simply a mechanism to be routinely employed in every case. Constitutional principles require that reimbursement be ordered only when certain conditions are satisfied. The trial court's failure to adhere to the procedural safeguards mandated by section 113-3.1 requires vacatur of the reimbursement order, despite defendant's failure to object." *Id.* at 564-65, 687 N.E.2d at 39.

¶ 31    In *People v. Cozad*, 158 Ill. App. 3d 664, 671-72, 511 N.E.2d 211, 216-17 (1987), this court elaborated on the trial court's responsibilities pursuant to section 113-3.1 and stated, "[t]he court should consider all relevant circumstances, including the [defense counsel's] time spent while court is in session, other time spent in representing the defendant, and expenses reasonably incurred, as well as the defendant's affidavit, financial circumstances, and statutory limitations." This court commented "[a]ssessing attorney fees for purposes of reimbursement in advance of services being rendered is not appropriate." *Id.* at 672, 511 N.E.2d at 217; see also *People v. Exum*, 307 Ill. App. 3d 1000, 1004, 719 N.E.2d 342, 345 (1999).

¶ 32    Here, the trial court imposed the reimbursement order as a perfunctory exercise at the time the public defender was appointed and without a hearing on defendant's ability to pay. The reimbursement order was not appropriate. Further, our review of the fine schedule issued by

the circuit court clerk reflects the public defender fee was added as "costs" sometime after January 2011. We question why the $200 appears seven months after the July 2010 order. See *People v. Gutierrez*, 2012 IL 111590, ¶ 24, 962 N.E.2d 437 ("The circuit clerk had no authority to impose the public defender fee on its own ***."). We vacate the reimbursement order and remand for a hearing pursuant to section 113-3.1.

¶ 33                           C. Defendant's Statutory Credits

¶ 34    Defendant asserts he is entitled to a $5 *per diem* credit against his creditable fines under section 110-14(a) of the Procedure Code (725 ILCS 5/110-14(a) (West 2010)) for days spent in presentence custody. The State concedes defendant is entitled to the statutory credit.

¶ 35    The record shows the trial court awarded defendant sentencing credit for the dates requested on appeal. Defendant is entitled to statutory credit against the creditable fines. In No. 09-CF-46, defendant is entitled to $10 in statutory credit for two days in custody. In No. 11-CF-12, defendant is entitled to $5 in statutory credit for one day in custody. In No. 11-CF-45, defendant is entitled to $5 in statutory credit for one day in custody.

¶ 36    Our review of the fines defendant requests statutory credit against reveals several errors. First, at the June 21, 2011, joint sentencing hearing, the trial court stated "[n]o fine[s] will be imposed in these cases" and the written sentencing judgments did not impose fines. We acknowledge the trial court's statement "no fines" may have meant "no discretionary fine" (see 730 ILCS 5/5-4.5-50 (West 2010) (authorizing up to a $25,000 fine for a felony offense)) but this only reiterates the fact no fines were imposed by the court. Second, nothing in the record before us suggests the trial court determined the mandatory fines that applied to defendant's convictions and imposed those fines. However, in No. 09-CF-46 (No. 4-12-0995), the fine schedule issued by the circuit clerk shows a (1) $5 child-advocacy-fund fine, (2) $10 "Arestee Medical" assessment, (3) $130 lump-sum surcharge, and (4) $52 Violent Crime Victims Assistance Fund (VCVA) fine (a $500 fine was imposed by the trial court on August 11, 2009, as a condition of probation) (see Appendix A). In No. 11-CF-12 (No. 4-12-0993), the fine schedule issued by the circuit clerk reflects a (1) $5 child-advocacy-fund fine, (2) $10 "Arestee Medical" assessment, (3) $20 VCVA fine, (4) $50 "PES Testing–Cannabis/Other" assessment, and (5) $12.50 "State Police O.P." fine (see Appendix B). In No. 11-CF-45 (No. 4-12-0994), the fine schedule issued by the circuit clerk shows a (1) $5 child-advocacy-fund fine, (2) $10 "Arestee Medical" assessment, (3) $20 VCVA fine, (4) $50 "PES Testing–Cannabis/Other" assessment, and (5) $12.50 "State Police O.P." fine (see Appendix C).

¶ 37    This court has consistently held the circuit clerk does not have the power to impose fines. *People v. Swank*, 344 Ill. App. 3d 738, 747-48, 800 N.E.2d 864, 871 (2003); *People v. Isaacson*, 409 Ill. App. 3d 1079, 1085, 950 N.E.2d 1183, 1189 (2011); *People v. Alghadi*, 2011 IL App (4th) 100012, ¶ 20, 960 N.E.2d 612 ("any fines imposed by the circuit clerk's office are void from their inception"); *People v. Williams*, 2013 IL App (4th) 120313, ¶ 16, 991 N.E.2d 914 ("such actions by the clerks flagrantly run contrary to the law"). We vacate the circuit clerk's imposition of all these fines and remand to the trial court for reimposition of the mandatory fines. *People v. Folks*, 406 Ill. App. 3d 300, 305, 943 N.E.2d 1128, 1132 (2010); 55 ILCS 5/5-1101(f-5) (West 2010) (where authorized by county ordinance, the

- 8 -

child-advocacy-center assessment is mandatory and a fine); 730 ILCS 125/17 (West 2010) (mandatory $10 medical cost assessment imposed on criminal convictions); *People v. Jackson*, 2011 IL 110615, ¶¶ 12-24, 955 N.E.2d 1164 (discussing medical cost assessment); 725 ILCS 240/10(b) (West 2010) (VCVA fine is $4 for each $40, or fraction thereof, of fine imposed); *People v. Millsap*, 2012 IL App (4th) 110668, ¶ 31, 979 N.E.2d 1030 (State Police operations assistance fee is a fine). In doing so, we encourage the trial court to review the reference sheet this court recently provided in *Williams*, 2013 IL App (4th) 120313, 991 N.E.2d 914, to assist trial courts in ensuring the statutory fines and fees in criminal cases are properly imposed. We note the $50 performance-enhancing substance fund fine is authorized only for "a drug related offense involving possession or delivery of cannabis" or other controlled substances. 730 ILCS 5/5-9-1.1(d) (West 2010). It is not authorized here.

¶ 38        The parties before us fail to note these fines were not ordered by the trial court and simply address defendant's statutory *per diem* credit. In future cases before this court, attorneys for the office of the State Appellate Defender and the office of the State's Attorneys Appellate Prosecutor are reminded to comply with Illinois Supreme Court Rule 341(h)(6) (eff. Feb. 6, 2013) and provide a statement of facts containing the facts necessary to understand the issues of the case. In appeals raising statutory credit issues, this requires the parties' briefs to contain a statement of facts (1) identifying whether the trial court imposed the fines (and which fines) as part of the sentence; (2) stating whether it did so orally at the sentencing hearing, by docket entry, sentencing judgment, or supplemental sentencing judgment; and (3) providing appropriate citation to the trial court's imposition of fines in the record, as reflected in the transcript, docket entry, sentencing judgment or supplemental sentencing judgment. Where the record does not reflect the trial court imposed the fines and the circuit clerk imposed the fines, the parties' briefs must contain a statement of facts with (1) citation to the record for the document, such as a notice to parties, account summary printout, or other document, imposing the fine; and (2) identification of the document as a circuit clerk document (not as a trial court order). The parties may not agree to overlook or otherwise ignore the circuit clerk's imposition of fines not ordered by the trial court. As this court has previously stated, a tremendous amount of resources are expended in these types of cases as this issue is very complex and the various fines and fees are contained throughout multiple codes. *Williams*, 2013 IL App (4th) 120313, ¶ 25, 991 N.E.2d 914; *People v. O'Laughlin*, 2012 IL App (4th) 110018, ¶ 28, 979 N.E.2d 1023; *Folks*, 406 Ill. App. 3d at 308, 943 N.E.2d at 1135. Because this court must first determine if the fine was properly imposed by the trial court before concluding a defendant is entitled to statutory credit against the fine, the expense of resources is only exacerbated when the defendant fails to specify which entity imposed the fine he or she is requesting credit against.

¶ 39        Third, in Nos. 09-CF-46 and 11-CF-12, the written sentencing judgment states "said sentence is consecutive to [No.] 11[-]CF[-]45." This is incorrect. The conduct in No. 11-CF-45 was committed while defendant was released on bond in No. 11-CF-12. The sentence in No. 11-CF-45 is mandatorily consecutive to the sentence in No. 11-CF-12. See 730 ILCS 5/5-8-4(d)(8) (West 2010). Further, the trial court's oral pronouncement correctly stated the sequence in which the sentences are to be served. See *People v. Roberson*, 401 Ill. App. 3d

758, 774, 927 N.E.2d 1277, 1291 (2010) ("When the oral pronouncement of the court and the written order conflict, the oral pronouncement of the court controls."). The sentencing judgments must be corrected.

¶ 40     We vacate all the fines imposed by the circuit clerk and remand with directions for the trial court to (1) reimpose the mandatory fines as required (this includes only those fines authorized at the time of the offense), (2) direct the circuit clerk to apply defendant's statutory credit against creditable fines in the respective cases, and (3) amend the sentencing judgment in Nos. 09-CF-46 and 11-CF-12 to state the sentence in No. 11-CF-45 is consecutive to the sentence in No. 11-CF-12.

¶ 41                                III. CONCLUSION

¶ 42     We affirm in part, vacate in part, and remand with directions. We vacate the July 13, 2010, $200 public defender reimbursement order and remand for a hearing pursuant to section 113-3.1 of the Procedure Code. We vacate the fines imposed by the circuit clerk and remand with directions for the trial court to (1) reimpose the mandatory fines as required (this includes only those fines authorized at the time of the offense), (2) direct the circuit clerk to apply defendant's statutory credit against creditable fines in the respective cases, and (3) amend the sentencing judgment in Nos. 09-CF-46 and 11-CF-12 to state the sentence in No. 11-CF-45 is consecutive to the sentence in No. 11-CF-12. As part of our judgment, we award the State its $50 statutory assessment as costs of this appeal. 55 ILCS 5/4-2002(a) (West 2012).

¶ 43     No. 4-12-0993, Affirmed in part and vacated in part; cause remanded with directions.
¶ 44     No. 4-12-0994, Affirmed in part and vacated in part; cause remanded with directions.
¶ 45     No. 4-12-0995, Affirmed in part and vacated in part; cause remanded with directions.

**Felony Cost Sheet**

CLASS   1   2   3   ④

BOND FEE  _20-_

DEFENDANT _KENT MONTAG_

Case No. _09CF46_ _____ Ct. _____

Charge _AGGRAVATED DRIVING WHILE LICENSE REVOKED_

Bond Posted _$200 from 09 TR1646_

Date _____

| | |
|---|---|
| CLERK FEE | 80.00 |
| COURT FEE | 50.00 |
| SECURITY FEE | 25.00 |
| AUTOMATION FEE | 12.50 |
| STATE'S ATTORNEY FEE | 30.00 |
| DOCUMENT STORAGE | 12.50 |
| ARESTEE MEDICAL | 10.00 |
| SHERIFF'S FEE | 20.00 |
| CHILD ADVOCACY FUND | 5.00 |
| LUMP SUM SURCHARGE | 130 |
| V.C. FEE | 52 |
| STATE POLICE DUI FUND | |
| STATE POLICE LAB FEE | |
| DUI LAB FEE | |
| DRUG ASSESSMENT | |
| DOMESTIC BATTERY | |
| TRAUMA | |
| PROBATION FEE | 300 |
| PUBLIC DEFENDER | |

FINE _500_

DRUG PARA. FINE _____

DRUG FINE _____

SEXUAL ASSAULT FINE _____

DOMESTIC VIOLENCE _____

CHILD PORN FINE _____

DUI EQUIPMENT FINE _____

DNA ANALYSIS _200_

**TOTAL COSTS** _753_     **TOTAL FINES** _500_

TOTAL COSTS AND FINES _1,453_

LESS BOND _-200_

RESTITUTION

TOTAL OWED _1,253_

| Date | Transaction | Debit | Credit | Balanced Owed |
|---|---|---|---|---|
| | | | | 1253- |
| 9-14-09 | | | 75- | 1178- |
| 10-15-09 | | | 75- | 1103- |
| 11-13-09 | | | 75- | 1028- |
| 12-15-09 | | | 75- | 953 |
| 1-15-10 | | | 75- | 878- |
| 2-16-10 | | | 75- | 803- |
| 3-16-10 | | | 75- | 728- |
| 4-15-10 | | | 75- | 653- |
| 5-17-10 | | | 75- | 578- |

Clerk of the Circuit Court 11th Judicial Circuit

Illinois.

131

**Felony Cost Sheet**

CLASS 1 2 3 ④

DEFENDANT __MONTAG, KENT E.__

Case No. __11CF12__ Ct. ___

Charge __AGG. DRIVING WHILE LICENSE REVOKED__

BOND FEE __15.00__

Bond Posted ___

Date ___

CLERK FEE ___ 80.00
COURT FEE ___ 50.00
SECURITY FEE ___ 25.00
AUTOMATION FEE ___ 12.50
STATE'S ATTORNEY FEE ___ 30.00
DOCUMENT STORAGE ___ 12.50
ARESTEE MEDICAL ___ 10.00
SHERIFF'S FEE ___ 26.00
CHILD ADVOCACY FUND ___ 5.00
LUMP SUM SURCHARGE ___ 266 FINE ___ X
V.C. FEE ___ 20
STATE POLICE DUI FUND ___     DRUG PARA. FINE ___
STATE POLICE LAB FEE ___     DRUG FINE ___
DUI LAB FEE ___     SEXUAL ASSAULT FINE ___
DRUG LAB FEE     DOMESTIC VIOLENCE ___
PES TESTING -CANNABIS / OTHER 50.00     CHILD PORN FINE ___
DRUG ASSESSMENT ___     DUI EQUIPMENT FINE ___ 750 lst 1000 2nd
DOMESTIC BATTERY ___     DNA ANALYSIS ___
TRAUMA ___     STREET GANG $100 (95-5)
PROBATION FEE ___     FIRE EQUIP FUND $500
PUBLIC DEFENDER ___
STATE POLICE O.P. ___ 12.50

**TOTAL COSTS** __298.50__     **TOTAL FINES** __X__

TOTAL COSTS AND FINES __298.50__
LESS BOND __-150 (11TR239)__
RESTITUTION
TOTAL OWED __148.50__

| Date | Transaction | Debit | Credit | Balanced Owed |
|------|-------------|-------|--------|---------------|

A true copy of the original on file in my office,
Attested to this 10ᵗʰ day of Jan. 2013

_Carol J. Newton_

Clerk of the Circuit Court 11th Judicial Circuit
Woodford County, Illinois.

by ___
DEPUTY CLERK

**Felony Cost Sheet**
CLASS   1   2   3   4

DEFENDANT MONTAG, KENT E.

Case No. 11CF45                    Ct.

Charge AGG DRIVING WHILE LICENSE REVOKED

BOND FEE ___16.00___

Bond Posted _____

Date _____

CLERK FEE _____ 80.00
COURT FEE _____ 50.00
SECURITY FEE _____ 25.00
AUTOMATION FEE _____ 12.50
STATE'S ATTORNEY FEE _____ 30.00
DOCUMENT STORAGE _____ 12.50
ARESTEE MEDICAL _____ 10.00
SHERIFF'S FEE _____ 26.00
CHILD ADVOCACY FUND _____ 5.00
LUMP SUM SURCHARGE _____   26   FINE _____ X
V.C. FEE _____ 20
STATE POLICE DUI FUND _____         DRUG PARA. FINE _____
STATE POLICE LAB FEE _____         DRUG FINE _____
DUI LAB FEE _____         SEXUAL ASSAULT FINE _____
DRUG LAB FEE _____         DOMESTIC VIOLENCE _____
PES TESTING -CANNABIS / OTHER 50.00         CHILD PORN FINE _____
DRUG ASSESSMENT _____         DUI EQUIPMENT FINE _____ 750 lst  1000 2nd
DOMESTIC BATTERY _____         DNA ANALYSIS _____
TRAUMA _____         STREET GANG $100 (95-5)
PROBATION FEE _____         FIRE EQUIP FUND $500
PUBLIC DEFENDER _____
STATE POLICE O.P. _____ 12.50

**TOTAL COSTS** ___299.50___          **TOTAL FINES** ___X___

TOTAL COSTS AND FINES    299.50
LESS BOND                -160 (11TR967)
RESTITUTION
TOTAL OWED               139.50

| Date | Transaction | Debit | Credit | Balanced Owed |
|------|-------------|-------|--------|---------------|
| | | | | |

A true copy of the original on f...
Attested to this _19_ day... Jan 20 13

Clerk of the...

DEPUTY CLERK