NOTICE
This Order was filed under
Supreme Court Rule 23 and
is not precedent except in the
limited circumstances
allowed under Rule 23(e)(1).

2021 IL App (4th) 200247-U

NO. 4-20-0247

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 16, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Coles County |
| ANDREW R. MORECRAFT, | ) | No. 12CF148 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | James R. Glenn, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices Harris and Steigmann concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The appellate court granted the Office of the State Appellate Defender's motion to
                withdraw as counsel and affirmed the circuit court's judgment as no issue of
                arguable merit could be raised on appeal.

¶ 2     Defendant, Andrew R. Morecraft, appeals from the circuit court's denial of his

motion for leave to file a successive postconviction petition. On appeal, the Office of the State

Appellate Defender (OSAD) moves to withdraw as counsel on the ground no issue of arguable

merit can be raised. Defendant did not file a response to OSAD's motion. We grant OSAD's

motion and affirm the circuit court's judgment.

¶ 3                                  I. BACKGROUND

¶ 4     In May 2012, the State charged defendant by information with intentional first

degree murder (720 ILCS 5/9-1(a)(1) (West 2010)) (count I) and knowing first degree murder

(720 ILCS 5/9-1(a)(2) (West 2010)) (count II). Count II alleged defendant, "without lawful justification, struck [the victim] about the head and body with his fists or another blunt object, knowing said act created a strong probability of death or great bodily harm to [the victim], thereby causing the death of [the victim]."

¶ 5 In January 2014, defendant entered into a fully negotiated guilty plea to knowing first degree murder (count II). He received a 25-year prison sentence to be served consecutively to a sentence in an unrelated case. In exchange, the State dismissed count I and a Class 2 felony for aggravated driving under the influence. The circuit court accepted defendant's guilty plea and sentenced him to 25 years' imprisonment. The circuit court then admonished defendant of his appellate rights and explained defendant must file a motion to withdraw his guilty plea to preserve his right to appeal. Defendant did not file a postplea motion.

¶ 6 In April 2014, defendant filed a motion for leave to file a late notice of appeal, which this court granted. Defendant later filed a motion to dismiss his direct appeal because he failed to file a timely postplea motion. We granted his motion.

¶ 7 In September 2015, defendant filed *pro se* a postconviction petition alleging plea counsel provided ineffective assistance by erroneously advising defendant he had no defense to first degree murder. The circuit court summarily dismissed defendant's petition as frivolous and patently without merit. Defendant filed a motion to reconsider, which the circuit court denied. On appeal, this court affirmed the summary dismissal of defendant's petition. See *People v. Morecraft*, 2018 IL App (4th) 150990-U.

¶ 8 On March 27, 2020, defendant filed *pro se* a motion for leave to file a successive postconviction petition. Defendant alleged as cause the Illinois Supreme Court's March 2016 amendments to Illinois Supreme Court Rule 604(d) (eff. Mar. 8, 2016). Defendant argued the

amendments to the rule were retroactive and defense counsel was required to strictly comply with the certification requirements. Because defense counsel failed to file a certificate pursuant to Rule 604(d), defendant's right to due process was violated. Defendant attached to his motion his proposed successive petition, further alleging counsel failed to comply with Rule 604(d).

¶ 9         On March 30, 2020, the circuit court denied defendant's motion for leave to file a successive postconviction petition. In its written order, the circuit court noted, "[S]ince Defendant did not file a motion to withdraw his plea of guilty *** , his attorney was not required by Supreme Court Rule 604(d) to file a certificate." The circuit court found defendant failed to establish cause and prejudice.

¶ 10         This appeal followed.

¶ 11                              II. ANALYSIS

¶ 12         On appeal, OSAD asserts no colorable argument can be made suggesting the circuit court's denial of defendant's motion for leave to file a successive postconviction petition was in error. We agree.

¶ 13         The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)) "provides a mechanism for criminal defendants to challenge their convictions or sentences based on a substantial violation of their rights under the federal or state constitutions." *People v. Morris*, 236 Ill. 2d 345, 354, 925 N.E.2d 1069, 1075 (2010). The Act contemplates the filing of only a single postconviction petition, and any claim not raised in the original postconviction petition is deemed waived. *People v. Holman*, 2017 IL 120655, ¶ 25, 91 N.E.3d 849 (citing 725 ILCS 5/122-3 (West 2010)).

¶ 14         The statutory bar against a successive postconviction petition will be relaxed only where a defendant sets forth a colorable claim of actual innocence or shows cause and prejudice

- 3 -

for the failure to raise an alleged constitutional claim in an earlier petition. *Id.* ¶ 26. Under the cause-and-prejudice test, a defendant demonstrates cause by identifying "an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings." 725 ILCS 5/122-1(f)(1) (West 2018). A defendant demonstrates prejudice by showing the "claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f)(2) (West 2018). For a defendant to obtain leave to file a successive postconviction petition, both prongs of the cause-and-prejudice test must be satisfied. *People v. Guerrero*, 2012 IL 112020, ¶ 15, 963 N.E.2d 909. "[L]eave of court to file a successive postconviction petition should be denied when it is clear, from a review of the successive petition and the documentation submitted by the petitioner, that the claims alleged by the petitioner fail as a matter of law or where the successive petition with supporting documentation is insufficient to justify further proceedings." *People v. Smith*, 2014 IL 115946, ¶ 35, 21 N.E.3d 1172.

¶ 15        OSAD contends defendant's proposed successive postconviction petition has no arguable legal merit. We agree.

¶ 16        Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) provides, in pertinent part:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant *** files in the trial court a motion to reconsider the sentence *** or *** a motion to withdraw the plea of guilty and vacate the judgment.
>
> ***
>
> The motion shall be in writing and shall state the grounds therefor. *** The motion shall be presented promptly to the trial judge by whom the defendant was sentenced ***. The trial court shall then determine whether the defendant is

represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel.

*** The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings."

Defendant contended in his motion for leave to file a successive postconviction petition and proposed petition defense counsel erred by failing to file a certificate pursuant to Rule 604(d). However, "the purpose of the Rule 604(d) certificate requirement is to ensure counsel has reviewed the defendant's claim and considered all relevant bases for the motion to withdraw the guilty plea or to reconsider sentence." (Internal quotation marks omitted.) *People v. Montag*, 2014 IL App (4th) 120993, ¶ 22, 5 N.E.3d 246. Defendant did not file, either *pro se* or with the assistance of counsel, any postplea motion. In the absence of such a motion, there is nothing for counsel to certify.

¶ 17            OSAD also notes there is no colorable argument the State improperly participated at the leave-to-file stage of the postconviction proceedings. In *People v. Bailey*, 2017 IL 121450, ¶ 24, 102 N.E.3d 114, the Illinois Supreme Court held "the State should not be permitted to participate at the cause and prejudice stage of successive postconviction proceedings." The Illinois Supreme Court explained, although the Act "does not expressly prohibit the State's input, we find that the Act contemplates an independent determination by the circuit court. The motion

for leave to file is directed to the court, and it is the court that must decide the legal question of whether a defendant has satisfied the section 122-1(f) requirement of showing cause and prejudice." *Id.* In this case, the State did not participate in the proceedings. Therefore, no meritorious argument can be made the State participated improperly.

¶ 18                                      III. CONCLUSION

¶ 19            For the reasons stated, we grant OSAD's motion for leave to withdraw as appellate counsel and affirm the trial court's judgment.

¶ 20            Affirmed.