NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220658-U

NOS. 4-22-0658, 4-22-0659, 4-22-0660 cons.

IN THE APPELLATE COURT

FILED
April 13, 2023
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Adams County |
| COLLIN G. ETTER, | ) | Nos. 20CF317 |
| Defendant-Appellant. | ) | 21CF460 |
| | ) | 21CF511 |
| | ) | |
| | ) | Honorable |
| | ) | Amy Christine Lannerd, |
| | | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Turner and Doherty concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court reversed and remanded, holding (1) the trial court erred by
denying as untimely defendant's *pro se* motion to withdraw his guilty plea and
vacate his sentence and (2) defendant's *pro se* postplea claims of ineffective
assistance of counsel were sufficient to trigger an inquiry pursuant to *People v.
Krankel*, 102 Ill. 2d 181 (1984).

¶ 2    Defendant, Collin G. Etter, appeals his convictions for theft in Adams County

case No. 21-CF-460, unlawful delivery of a controlled substance in Adams County case No.

20-CF-317, and theft in Adams County case No. 21-CF-511. Defendant argues the trial court

erred by denying his *pro se* motion to withdraw guilty plea and vacate sentence on the basis that

it was untimely. Defendant also argues the court erred by striking a letter to the circuit clerk he

filed after his plea and by failing to conduct a preliminary inquiry pursuant to *People v. Krankel*,

102 Ill. 2d 181 (1984), on the allegations of ineffective assistance of counsel contained in the letter. We reverse and remand.

¶ 3                                    I. BACKGROUND

¶ 4        Defendant was charged in Adams County case No. 20-CF-317 with unlawful delivery of a controlled substance (720 ILCS 570/401(c)(1) (West 2020)) and unlawful delivery of methamphetamine (720 ILCS 646/55(a)(2)(A) (West 2020)). He was charged in Adams County case No. 21-CF-460 with home invasion (720 ILCS 5/19-6(a)(2) (West 2020)), residential burglary (*id.* § 19-3(a)), and theft (*id.* § 16-1(a)(1)(A), (b)(4)). He was charged in Adams County case No. 21-CF-511 with theft (*id.* § 16-1(a)(2)(A)).

¶ 5        The record shows defendant was initially represented by private attorney Donald Heck in Adams County case No. 20-CF-317. Heck subsequently withdrew, and Assistant Public Defender Vanessa Pratt was appointed. However, Pratt withdrew from representing defendant in Adams County case No. 20-CF-317 due to a conflict, and Assistant Public Defender John Citro represented him for the rest of the case. Pratt represented defendant in Adams County case Nos. 21-CF-460 and 21-CF-511.

¶ 6        Defendant entered into a plea agreement resolving all three cases, pursuant to which he pled guilty to theft in Adams County case No. 21-CF-460, unlawful delivery of a controlled substance in Adams County case No. 20-CF-317, and theft in Adams County case No. 21-CF-511. In exchange, the State agreed to dismissal of the remaining counts and a sentencing cap of 10 years' imprisonment. After admonishing defendant, the trial court accepted the plea.

¶ 7        On May 13, 2022, the trial court sentenced defendant to seven years' imprisonment for unlawful delivery of a controlled substance and two years' imprisonment on each of the theft charges. The sentences for the theft charges were to run concurrently with one

another but consecutive to the sentence for unlawful delivery of a controlled substance. The court advised defendant that, prior to taking an appeal, he was required to file a written motion to vacate the judgment and withdraw his guilty plea within 30 days.

¶ 8        On July 13, 2022, the circuit clerk filed a *pro se* letter from defendant that stated defendant wanted to file a "motion for ineffective assistance of counsel" and a "motion to reconsider." The letter stated defendant told Pratt after the sentencing hearing that he wanted to file a motion to reconsider the sentence, but she failed to file such a motion.

¶ 9        That same day, the clerk also filed a *pro se* motion to withdraw guilty plea and vacate sentence received from defendant. The motion stated: "The plea was the result of coercion. My lawyer Vanessa Pratt informed me that the State['s] Attorney offered to get me help and get me into Rehab. I was confused. I thought if I successfully completed treatment I would get Drug Court or Probation." The motion also stated that defendant received "inadequate representation by counsel" because Heck filed a motion to suppress evidence in Adams County case No. 20-CF-317, and neither Pratt nor Citro set the motion for a hearing even though defendant informed them he wanted a hearing on the motion. The motion also alleged there was no factual basis for defendant's plea in Adams County case No. 21-CF-460, and defendant was not mentally competent to enter the plea because he was under the influence of "psychiatric medication."

¶ 10        A "Proof/Certificate of Service" filed on July 13, 2022, which was signed by defendant, indicates documents addressed to the Adams County circuit clerk and Adams County state's attorney were placed in the institutional mail at 6 p.m. on June 10, 2022, at Graham Correctional Center. The document contained the full addresses of the circuit clerk's office and the state's attorney's office. The document stated: "Pursuant to *** 735 ILCS 5/1-109 I declare,

under penalty of perjury that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge and belief."

¶ 11    On July 14, 2022, the trial court entered an order denying as untimely the motion to withdraw guilty plea and vacate sentence. The court further found defendant's letter to the circuit clerk filed on July 13, 2022, was not a proper filing before the court and ordered that it be stricken from the court file. This appeal followed.

¶ 12                              II. ANALYSIS

¶ 13    On appeal, defendant argues the trial court erred by denying his *pro se* motion to withdraw guilty plea and vacate sentence on the basis that it was untimely because it was timely filed under the "mailbox rule." Defendant further contends the court erred by striking his letter to the circuit clerk containing allegations of ineffective assistance of counsel, as it also was filed within 30 days of his sentence pursuant to the mailbox rule, and it was sufficient to trigger a *Krankel* inquiry.

¶ 14                              A. Timeliness

¶ 15    Defendant argues his motion to withdraw guilty plea and vacate sentence and his letter to the circuit clerk were timely filed under the mailbox rule. Defendant notes that a "Proof/Certificate of Service" filed along with these documents shows they were placed in the institutional mail at Graham Correctional Center on June 10, 2022, which was within 30 days of his sentencing. The State concedes the motion to withdraw guilty plea and vacate sentence was timely filed under the mailbox rule and that a remand for further proceedings is necessary.

¶ 16    Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) provides that no appeal from a judgment entered upon a negotiated guilty plea shall be taken unless the defendant files a

- 4 -

motion to vacate the guilty plea and vacate the judgment within 30 days of the date on which the sentence is imposed. The rule further provides that such a motion shall be presented promptly to the trial court, and the trial court shall appoint counsel if the defendant is indigent and desires counsel. *Id.* Counsel shall comply with the directives of the rule, including consulting with the defendant, reviewing the record, and making any necessary amendments to the motion. *Id.* The trial court shall rule on the motion promptly. *Id.*

¶ 17 "Under the mailbox rule, pleadings *** are considered timely filed on the day they are placed in the prison mail system by an incarcerated defendant [citation]." *People v. Shines*, 2015 IL App (1st) 121070, ¶ 31. To rely on the date of mailing as the date of filing, a defendant must comply with Illinois Supreme Court Rule 12(b)(6) (eff. July 1, 2017). Pursuant to Rule 12(b)(6), service by mail by a self-represented litigant residing in a correctional facility is proved "by certification under section 1-109 of the Code of Civil Procedure of the person who deposited the document in the institutional mail, stating the time and place of deposit and the complete address to which the document was to be delivered." *Id.*

¶ 18 Here, the "Proof/Certificate of Service" contains a certification substantially compliant with section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109 (West 2020)) and the full addresses to which the documents were to be delivered. The certification indicates that documents were placed in the institutional mail at Graham Correctional Center on June 10, 2022, which was within 30 days of date of defendant's sentencing. While the "Proof/Certificate of Service" does not actually list the documents that were placed in the institutional mail on June 10, 2022, we note it was filed by the circuit clerk on July 13, 2022, along with the letter to the circuit clerk and the motion to withdraw guilty plea and vacate sentence. Accordingly, we accept the State's concession that the motion to withdraw guilty plea and vacate sentence was timely

filed under Rule 12(b)(6) such that the matter must be remanded for further proceedings on defendant's postplea motion. While the State does not specifically address the timeliness of the letter to the circuit clerk, we find that letter was also timely filed under Rule 12(b)(6), as it was filed along with the *pro se* postplea motion.

¶ 19                                  B. *Krankel*

¶ 20          Defendant also argues the trial court erred by striking his letter to the circuit clerk and by failing to hold a *Krankel* inquiry on his claims of ineffective assistance of counsel raised in the letter. Defendant requests that we remand the matter for a preliminary *Krankel* inquiry on these claims. The State argues a letter to the circuit clerk is not a "motion to the court" and is insufficient to require a *Krankel* inquiry. The State also contends that because only Pratt was named in the letter, it could not be deemed a claim of ineffective assistance of counsel as to all of defendant's attorneys.

¶ 21          Our supreme court's decision in *Krankel* has led to a common-law procedure which is triggered when a defendant raises a *pro se* posttrial or postplea claim of ineffective assistance of counsel. *People v. Ayres*, 2017 IL 120071, ¶ 11; *People v. Gabrys*, 2013 IL App (3d) 110912, ¶ 21. The *Krankel* procedure "serves the narrow purpose of allowing the trial court to decide whether to appoint independent counsel to argue a defendant's *pro se* posttrial ineffective assistance claims." *People v. Patrick*, 2011 IL 111666, ¶ 39. Pursuant to this procedure, when a defendant makes such a claim, the trial court should first conduct an inquiry into the underlying factual basis, if any, of the claim. *People v. Moore*, 207 Ill. 2d 68, 79 (2003). "If the court determines that the claim lacks merit or pertains only to matters of trial strategy, then the court need not appoint new counsel and may deny the *pro se* motion." *People v. Roddis*, 2020 IL 124352, ¶ 35. However, if the allegations show possible neglect of the case, the court

should appoint new counsel to represent the defendant at a hearing on his claims of ineffective assistance. *Id.* ¶¶ 35-36.

¶ 22 To trigger a *Krankel* inquiry, a self-represented defendant need only bring his or her claim to the trial court's attention, whether orally or in writing. *Id.* ¶ 35; *Ayres*, 2017 IL 120071, ¶ 24. "[A] defendant is not required to file a written motion [citation] but may raise the issue orally [citation] or through a letter or note to the court [citation]." *Id.* ¶ 11.

¶ 23 In the instant case, both the letter to the circuit clerk and the motion to withdraw guilty plea and vacate sentence contained *pro se* allegations of ineffective assistance of counsel. As discussed earlier, both the written *pro se* motion to withdraw guilty plea and vacate sentence and the letter to the circuit clerk were timely filed. While defendant's postplea letter was addressed to the circuit clerk rather than the trial court, the record shows the letter was sufficient to bring defendant's claims to the court's attention. The court was clearly aware of the letter, as it entered an order striking it. Accordingly, we find both the *pro se* postplea motion and the letter were sufficient to bring defendant's *pro se* postplea claims of ineffective assistance of counsel to the trial court's attention and trigger *Krankel* proceedings. While the State correctly notes the letter to the circuit clerk contained allegations of ineffective assistance of counsel concerning only Pratt, we note that the *pro se* motion to withdraw guilty plea and vacate sentence contained allegations concerning both Pratt and Citro.

¶ 24                                        III. CONCLUSION

¶ 25 For the reasons stated, we reverse the trial court's denial of defendant's *pro se* motion to withdraw his guilty plea and vacate his sentence, and we remand the matter for further proceedings on the motion in accordance with Rule 604(d), including the appointment of counsel if defendant so desires. If the court reappoints one of defendant's former attorneys, it should also

conduct a *Krankel* inquiry to determine whether to appoint new counsel to represent defendant in presenting his *pro se* postplea claims of ineffective assistance of counsel. However, if, on remand, the court appoints new counsel to represent defendant, a *Krankel* inquiry would be unnecessary because such counsel would be able to argue any colorable postplea claims of ineffective assistance of counsel defendant may have. See *Patrick*, 2011 IL 111666, ¶ 39.

¶ 26          Reversed and remanded.